WOOD v. GENERAL ACCIDENT INS. CO. OF PHILADELPHIA.

(Circuit Court, W. D. Pennsylvania. November 14, 1907.)

No. 6.

INSURANCE—CONSTRUCTION OF ACCIDENT POLICY—PERSON RIDING AS PASSENGER.

A provision of an accident policy insuring against accidental death or injury of the person insured "while actually riding as a passenger in or on any regular passenger conveyance provided by a common carrier" is to be construed in accordance with the ordinary meaning of its terms, and the indemnity applies only to the case of a passenger in the ordinary, common, everyday use of the word, and to an injury received while such person was in or on a regular passenger conveyance. As so construed, the insurer is not liable for the death of the insured resulting from the wrecking of a railway postal car in which he was riding in the performance of his duties as a postal clerk.

[Ed. Note.—Accident insurance, risks and causes of loss, see note to National Accident Soc. of City of New York v. Dolph, 38 C. C. A. 3.]

At Law. On motion for judgment non obstante veredicto.

Edmond Englert, for plaintiff.

Wishart & Dickie, for defendant.

BUFFINGTON, Circuit Judge. The defendant insurance company in this case issued, on November 23, 1905, a general accident policy to Douglas C. Wood, the plaintiff. The beneficiary named in the policy was Ira H. Wood, a brother of the insured. The policy provided:

"In case a beneficiary other than the insured or his legal representatives is specifically named in the schedule of warranties indorsed on this policy, then and not otherwise this policy shall also, in consideration of the premium, insure the person named as beneficiary in the said schedule as follows: Against any one of the following losses, resulting within ninety days from date of accident and caused solely and exclusively by injuries covered by this policy and sustained by said beneficiary while actually riding as a passenger in or on any regular passenger conveyance provided by a common carrier, * * * in the following sums: Payment for loss of life, $5,000."

On September 10, 1906, Ira H. Wood was a railway postal clerk in the service of the United States Post Office Department. In the discharge of his official duty he made a run in a postal car of the Atchison, Topeka & Santa Fé Railroad, and while actually engaged in his duties as mail clerk on said run the train was wrecked, the postal car derailed, and he was killed. This suit was brought by Douglas C. Wood to recover the $5,000 indemnity provided in case of the death of Ira H. Wood, the beneficiary. The insurance company defended on the ground that Ira H. Wood was not killed while "actually riding as a passenger in or on any regular passenger conveyance provided by a common carrier."

We are here dealing with a contract, and the rights of these parties turn on what their contract provides. In construing this contract, its words and terms are to be given the meaning they bear in ordinary common use. The pertinent question is: "What was the understanding of the parties, or, rather, what understanding must naturally have been derived from the language used?" Ripley v. Assurance Company, 83 U. S. 336, 21 L. Ed. 469. Now, to us it is clear that the words "actually riding as a passenger" and "actually riding as a passenger in or on any regular passenger conveyance" meant the indemnity should apply to the case of a passenger in the ordinary, common, everyday use of that word, and to an injury received while such person was in or on a regular passenger conveyance. So understood (and any other construction is to inject into the words used a meaning that is not their common, ordinary meaning), we are clear the beneficiary in this case was not within the indemnity provision of this contract when he met his death.

The motion of the defendant for judgment non obstante veredicto is granted, and judgment will be entered accordingly for defendant.