WOOD v. GENERAL ACCIDENT INS. CO. OF PHILADELPHIA.

(Circuit Court of Appeals, Third Circuit. May 1, 1908.)

No. 43.

INSURANCE—ACCIDENT POLICY—CONSTRUCTION—"RIDING AS PASSENGER IN REGULAR PASSENGER CONVEYANCE."

Where a beneficiary in an accident policy was a United States railway mail clerk, and was killed while riding in a mail car in the performance of his duties, he was not "actually riding as a passenger in or on any regular passenger conveyance provided by a common carrier," within an accident policy insuring the person named as beneficiary under certain circumstances against loss by accident while actually riding as a passenger in or on any regular passenger conveyance.

[Ed. Note.—Accident insurance—risks and causes of loss, see note to National Acc. Soc. of City of New York v. Dolph, 38 C. C. A. 3.]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

For opinion of lower court, see 156 Fed. 982.

Edmond Englert, for plaintiff in error.

Before MOODY, Circuit Justice, and DALLAS and GRAY, Circuit Judges.

DALLAS, Circuit Judge. In the court below the plaintiff in error brought an action against the defendant in error on a policy of accident insurance, which contained a clause as follows:

"In case a beneficiary other than the insured or his legal representatives is specifically named in the schedule of warranties indorsed on this policy,

then and not otherwise this policy shall also, in consideration of the premium, insure the person named as beneficiary in the said schedule as follows: Against any one of the following losses, resulting within ninety days from date of accident and caused solely and exclusively by injuries covered by this policy and sustained by said beneficiary while actually riding as a passenger in or on any regular passenger conveyance provided by a common carrier, or (2) while riding in a regular passenger elevator, or (3) in consequence of the burning of a building in which said beneficiary shall be at the commencement of the fire, in the following sums: Payment for loss of life, $5,000."

Ira H. Wood, "the person named as beneficiary," was a United States railway mail clerk. In pursuance of this employment he was in the mail car of a moving train, when an accident by derailment caused his death, and the sole point now made is as to whether, upon these facts, and with reference to the provision above quoted, the Circuit Court erred in holding that he was not "actually riding as a passenger in or on any regular passenger conveyance provided by a common carrier." As these words are ordinary words, the meaning of which is plain, they should, of course, be understood and applied accordingly; and that a mail clerk at work in a mail car is not, in common apprehension, "actually riding as a passenger in or on any regular passenger conveyance," cannot, we think, be reasonably questioned. This being so, neither the argument of counsel with relation to the locus contractus, nor their discussion of cases against carriers for personal injuries, need be considered.

We are clearly of opinion that the court below put the proper construction (if construction it may be termed) upon the policy sued on, and therefore its judgment is affirmed.