BOGART v. STANDARD LIFE & ACCIDENT INS. CO.

(Circuit Court, E. D. Washington, E. D.    March 3, 1911.)

No. 1,477.

INSURANCE (§ 452*)—ACCIDENT POLICY—CONSTRUCTION—"PASSENGER."

A postal clerk, while riding in a mail car in the performance of his du-
ties, is not a "passenger," within an accident policy insuring him against
bodily injuries while riding as a passenger in or on any railway passen-
ger car propelled by mechanical power, provided by a common carrier for
passenger service, etc.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1164, 1173,
1174; Dec. Dig. § 452.*

For other definitions, see Words and Phrases, vol. 6, pp. 5218-5227;
vol. 8, p. 7748.]

At Law.    Action by Charles T. Bogart against the Standard Life
& Accident Insurance Company.    On demurrer to complaint.    Sus-
tained.

Belt & Powell, for plaintiff.
Lindsley, MacMillan & Cone, for defendant.

RUDKIN, District Judge.    On the 26th day of September, 1907,
the defendant insurance company issued to the plaintiff one of its
general accident policies, whereby it insured the life of one Richard
C. Bogart—

"against bodily injuries effected directly and independently of all other
causes through external, violent, and accidental means (suicide, sane or in-
sane, not included), while riding as a passenger and being in or on any rail-
way passenger car propelled by mechanical power provided by a common car-
rier for passenger service. * * *"

At the time of the issuance of the policy Richard C. Bogart was a
postal clerk in the service of the United States Post Office Depart-
ment, and on the 1st day of March, 1910, thereafter was instantly
killed while in the discharge of his official duties in a mail car on the
line of the Great Northern Railway Company between Spokane and
Seattle, at a place called Wellington, west of the summit of the Cas-
cade Mountains.    This action was instituted by the beneficiary to re-
cover the amount of the policy, and, the foregoing facts appearing on
the face of the complaint, a demurrer was interposed, on the ground
that the complaint did not state facts sufficient to constitute a cause of
action.

The only question presented by the demurrer is:    Did the insured
lose his life while riding as a passenger and being in or on any rail-
way passenger car propelled by mechanical power provided by a com-
mon carrier for passenger service?    In my opinion, he clearly did not.

"Policies of insurance are rightfully construed most strongly against the
insurance companies, under whose supervision they are prepared and exe-
cuted, and if they contain contradictory provisions, some of which will work
a forfeiture and others not, the latter will control.    But while policies are
construed strictly against the insurer, and while forfeitures are not favored

─────────────────────────────
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in law, yet courts cannot make new contracts for parties, nor grant relief where a forfeiture has accrued under the plain and unambiguous terms of the contract." Jump v. North British, etc., Ins. Co., 44 Wash. 596, 87 Pac. 928.

"The rule is well settled that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and, if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense." Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 14 Sup. Ct. 379, 38 L. Ed. 231.

Applying this rule to the case at bar, it seems manifest that a postal clerk does not ride on a train as a passenger, within the common and ordinary meaning and acceptation of that term, and that a mail car is not a railway passenger car provided by a common carrier for passenger service.

In Wood v. General Accident Ins. Co. (C. C.) 156 Fed. 982, the language of the policy was "while actually riding as a passenger in or on any regular passenger conveyance provided by a common carrier," and it was held that a postal clerk was not a passenger within the meaning of the contract of insurance. The judgment in that case was affirmed on writ of error by the Circuit Court of Appeals for the Third Circuit. 160 Fed. 926, 88 C. C. A. 108. In the latter opinion, after quoting the language of the policy, the court said:

"As these words are ordinary words, the meaning of which is plain, they should, of course, be understood and applied accordingly; and that a mail clerk at work in a mail car is not, in common comprehension, 'actually riding as a passenger in or on any regular passenger conveyance,' cannot, we think, be reasonably questioned. This being so, neither the argument of counsel with relation to the locus contractus, nor their discussion of cases against carriers for personal injuries, need be considered. We are clearly of opinion that the court below put the proper construction (if construction it may be termed) upon the policy sued on, and therefore its judgment is affirmed."

The fact that the insurance company knew that the insured was a railway postal clerk at the time of the issuance of the policy is not material. It might well be argued from that fact that the policy was intentionally thus framed to exclude the insured from its protection while thus employed. It may be that a mail clerk or an express messenger is a passenger for some purposes as between himself and the carrier; but it does not follow from this that he is a passenger for all purposes, or a passenger within the meaning of a contract of insurance. The insurance of a passenger while riding on a railway passenger car provided for passenger service is one thing; the insurance of a railway mail clerk while in the discharge of his official duties in a mail car on a moving train is an entirely different thing.

The demurrer is therefore sustained.