(123 So. 93)

## CONTINENTAL LIFE INS. CO. v. NEWMAN.
### (6 Div. 290.)

Supreme Court of Alabama. May 2, 1929.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

C. E. Wilder, of Birmingham, for appellee.

312

FOSTER, J. Appellee was plaintiff against an .insurance company as defendant in the circuit court, suing on an accident insurance policy against accidental injuries while he was "traveling as a fare-paying passenger" in a *passenger car*. Appellee was riding in the mail car, and was on duty as United States postal clerk at the time. Plaintiff recovered in the circuit court, and the Court of Appeals affirmed the judgment. The inquiry involves two distinct questions: (1) Whether he was a fare-paying passenger; and (2) whether he was in a passenger car. This court, as pointed out in the opinion of the Court of Appeals, has held that a mail clerk under these circumstances is a passenger. Louisville & N. R. Co. v. Bowen, 212 Ala. 690, 103 So. 872; Southern R. Co. v. Harrington, 166 Ala. 630, 52 So. 57, 139 Am. St. Rep. 59. This is the opinion of most of the states as shown in the notes of 10 Corpus Juris, 631.

But that fact alone does not meet the requirements of the policy. He must be a "fare-paying" passenger. The relation of passenger to the railroad in the cases above cited fixed the status of the mail clerk to the railroad as affecting its liability to him. If it be conceded that such status would be that ordinarily contemplated in such a policy of insurance, we cannot overlook the fact that the policy requires that he shall be "a fare-paying" passenger. He may be, as he is in this instance, a passenger, and entitled to protection as such by the carrier, without being a fare-paying one. 10 C. J. 630. But if we admit that paying a fare in this connection is meaningless, although required by the policy, still to come within the terms of the policy, he must be riding in a *passenger car* (for the purposes of this case). The Supreme Court of Georgia on this subject, considering whether a coach equipped and used for a pay car was a passenger car within the meaning of such a clause, says: "It was not in any sense a passenger car within the meaning of the contract of insurance, any more than a mail or baggage car could be so considered." Travelers' Ins. Co. v. Austin, 116 Ga. 264, 42 S. E. 522, 59 L. R. A. 107, 94 Am. St. Rep. 125.

The entire question has been fully considered in three federal cases, as follows: Bogart v. Standard L., etc., Ins. Co. (C. C.) 187 F. 851, following Wood v. General Accident Ins. Co., 160 F. 926 (C. C. A. 3d Circuit), affirming the court below, reported in (C. C.) 156 F. 982. These cases are directly in point, and respond to both questions. We take the following from the opinion first above cited: "A postal clerk does not ride on a train as a passenger, within the common and ordinary meaning and acceptation of that term, and * * * a mail car is not a railway passenger car provided by a common carrier for passenger service." The first statement in the quotation was spoken of and applicable to such a case as here considered. The court was not considering the 'duty of a carrier to a mail clerk. When the statement is made in the policy that he must be a "fare-paying" passenger, the fact of being such a passenger as would exact certain duties of the carrier does not come within the terms of the policy nor its evident purpose. Certainly the second statement in the quotation above is accurate in all respects and is in accord with the judgment of this court as to the meaning of a "passenger car." 1 C. J. 439, 440, § 92. The point does not seem to have been otherwise considered by the courts or text-writers.

It results from the foregoing that we do not agree with the opinion of the Court of Appeals. The writ will therefore be awarded, and the judgment of the Court of Appeals reversed, and the cause remanded to said court for further proceedings.

Writ awarded.

All the Justices concur.