# Southern Railway Co. *v.* Cunningham.

*Action for Damages for Injury to Passenger.*

(Decided July 2, 1907. 44 South. 658.)

1. *Pleading; Amendments; Relating Back.*—Where the original complaint contained two counts each of which alleged that the injury occurred on March 3, 1903, and the first of which alleged the character of the injury to be personal only, and the second of which alleged the injury to be that plaintiff's back was severely sprained and bruised, and his legs, hips and arms bruised and otherwise injured, it was permissible more than a year after the filing of the complaint and more than a year after the occurrence of the injuries, to file an amendment in the shape of another count alleging the injuries to have occurred on the 23d of March, 1903, and that the injuries were permanent and seeking compensation for mental pain and expenses of medicine and medical attention, since the new count set up no new cause of action but merely cured the description of the cause of action already alleged, and such amendment related back to the filing of the original complaint. (Dowdell, J., dissents.)

2. *Appeal; Review; Harmless Error.*—Where no recovery was had or could have been had upon certain counts of the complaint it was harmless error to overrule a demurrer thereto.

3. *Same; Joint Assignments of Error; Separation.*—Where several assignments of error are joint this court on appeal will not separate the trial court's several rulings to ascertain if any assignment is meritorious.

4. *Damages; Personal Injury; Evidence.*—On the issue of whether or not the injury was temporary or permanent it was competent to show that after his injury plaintiff continued to take medicine to cure or relieve his suffering.

5. *Appeal; Review; Harmless Error; Evidence.*—Where the complaining party had the benefit of the witness's opinion in answer to other questions, it was harmless error to exclude a hypothetical question seeking to elicit such opinion.

6. *Same.*—Whether or not a witness had been subpoenaed being wholly immaterial, it was harmless error to allow the plaintiff to make proof of the fact of such witnesses being subpoenaed by offering the original subpoena and the return thereon.

7. *Damages, Evidence; Mortality Table.*—Where the issue was whether the injury was temporary or permanent and there was proof tending to show a permanency of the injury, the American Mortality Tables were properly admitted in evidence.

8. *Carriers; Passengers; Duty of Carrier.*—A carrier is under the duty to exercise the strictest vigilance and the highest degree of care that the means of conveyance used and the attending circumstances will permit in receiving, conveying and discharging passengers.

9. *Same; Personal Injury; Instructions.*—A charge asserting that if defendant was not negligent in operating trains, and the collision was caused by the parting of one of the trains through no defect in the appliances thereof, and those in charge of such train promptly and properly used all means known to skillful trainmen to prevent the accident, the jury must find for the defendant, was properly refused as misleading, since under the evidence the jury might have found that the collision was caused by the negligence of the company's fireman or flagman who was sent forward to flag the train upon which plaintiff was a passenger in not giving the signal at a proper and sufficient distance between trains.

10. *Trial; Instructions Covered by Those Given.*—It is not error to refuse instructions substantially covered by written instructions given.

APPEAL from Madison Circuit Court.

Heard before Hon. S. S. PLEASANTS, Special Judge.

Action by O. T. Cunningham against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

[Southern Railway Co. v. Cunningham.]

The nature and character of the action and the facts upon which the opinion is rested sufficiently appear therein. The defendant excepted to the following portion of the oral charge to the court: "(1) The defendant, under the law, if you find that plaintiff was a passenger, was bound to exercise the strictest vigilance and the highest degree of care in receiving him as a passenger, conveying him to his destination, and setting him down safely, that the means of conveyance employed and the circumstances would permit. (2) And I charge you, in this connection, that if you should find from the evidence that plaintiff is entitled to recover, and that his earning capacity was totally destroyed, in ascertaining what sum you will allow him for future disability, you may take into consideration the mortality tables which have been offered in evidence as showing what his life expectancy is, and allow him for such future disability such a sum as, put at interest, will produce, by adding to it a part of the principal each year, an amount equivalent to his earning capacity each year during his life expectancy and consume the principal at the end of his life expectancy." Charge B was refused to defendant, and is as follows: "If the jury believe from the evidence that there was no negligence on the part of defendant or its employes in the operation of the trains which collided; and said collision was caused by the parting of one of said trains through no defect in the appliances thereof, and that those in charge of said train promptly and properly used all means known to skillful trainmen to prevent the accident, they must find for the defendant." There was judgment for plaintiff, and defendant appeals.

HUMES & SPEAKE, for appellant. The first count of the complaint was subject to the demurrers interposed.

—*City Delivery Co. v. Henry*, 139 Ala. 161.   The third count was a clear departure from the cause of action originally set up and was filed more than a year after the alleged injury.—Sec. 2801, Code 1896; *H. A. & B. R. R. Co. v. Maddox*, 100 Ala. 618; *E. T. V. & G. R. R. Co. v. Carloss*, 77 Ala. 443; *Nelson v. First National Bank*, 139 Ala. 578.  The evidence that Cunningham took medicine after his injury was inadmissible.—*Southern Ry. Co. v. Bunnell*, 36 South. 380.   The court erred in excluding the hypothetical question to Dr. Dryer.— *Sandlin's Case*, 125 la. 587; *Stewart's Case*, 29 South. 562; 17 Cyc. 242.   The oral charge of the court exacted a too high degree of care.—*Bir. U. Ry. Co. v. Hale*, 90 Ala. 8.   Mortality tables were inadmissible.—*Jones' Case*, 114 Ala. 519; *Mehaffey's Case*, 128 Ala. 242.   The affirmative charge should have been given on the proof. —*L. & N. R. R. Co. v. Jones*, 83 Ala. 382; 78 Ala. 494; 113 Ala. 267; 100 Ala. 424.   Charge 6 should have been given.—121 Ala. 239; 138 Ala. 394.

J. F. STALLINGS, for appellee.   The complaint was not subject to the infirmities suggested by the demurrer.— *Armstrong's Case*, 123 Ala. 233; *L. & N. R. R. Co. v. Jones*, 83 Ala. 376.   The amendment was not a departure from the original complaint.—*Nelson v. First National Bank*, 139 Ala. 578; *Manchester F. Ins. Co. v. Fieble- man*, 118 Ala. 308.

TYSON, C. J.—The complaint originally contained two counts.   It was sought by each of them to recover damages for personal injuries suffered by plaintiff, caused by the negligence of the defendant while he was a passenger upon one of its cars.   In each it is alleged that the injury occurred on, to wit, the 3d day of March, 1903, near Huntsville, in Madison county, in this state.

In the first the character of the injuries inflicted is described in no other way than by the word "personal." In the second it is alleged that plaintiff received personal injuries by having his "back severely sprained and bruised, and his legs, hips, and arms bruised and otherwise injured." More than one year after the filing of the complaint, and, of course, after the cause of action arose, the plaintiff was permitted to amend his complaint by adding a third count. The only material differences between this count and the second may be stated to be these: In this one the time of the occurrence of the alleged injury is alleged to have been on the 23d day of March, 1903, and the injuries are alleged to be permanent, and damages for mental pain and expense for medicine and medical attention in the effort to heal and cure the injuries are claimed. The amendment was objected to by defendant, and the plea of the statute of limitations of one year was interposed as a defense to the added count. It is insisted that defendant should have been allowed the benefit of this defense, because the added count was a departure from the cause of action set up in the first and second counts; in short, that it introduced a new cause of action or claim. We do not think so. We regard the amended count as merely curing a defective description of the cause of action as laid in the two original counts, and therefore related back to the commencement of the suit.—*Hess v. Birmingham Ry., L. & P. Co.*, 149 Ala. 499, 42 South. 595; *Chambers v. Talladega Real Estate & Loan Association*, 126 Ala. 296, 28 South. 636; *Manchester Fire Assurance Co. v. Feibelman*, 118 Ala. 308, 23 South. 759. If it be true, as contended by appellant, and which we regard as correct, that the date averred in the first and second counts was material, then no recovery was or could have been had upon them, and the overruling of the demurrer to them,

if error, was clearly innocuous.—*Going v. Ala. Steel & Wire Co.*, 141 Ala. 537, 37 South. 784.

Numerous exceptions were reserved upon the trial to the admission and exclusion of testimony, and many of the rulings of the court with respect thereto are assigned as error; but quite a number of these assignments are not insisted upon. It is true they are referred to in brief of counsel for appellant, but the reference amounts to no more than the assignment of error itself. Indeed, in some instances the assignments are simply bunched, burdening this court to separate the several rulings and to ascertain as best we can which of them, if any, are meritorious. This we must decline to do.

One of the contested issues of fact was whether the plaintiff was injured at all, and, if injured, whether the injury was temporary or permanent. As shedding light upon this issue it was entirely competent for the plaintiff to testify that after the alleged injury he took medicine to cure or relieve his suffering. So, likewise, there was no error in permitting witnesses for plaintiff to testify that he "was apparently suffering pain."—*So. & N. Ala. R. R. Co. v. McLendon*, 63 Ala. 266.

The purpose of the hypothetical question propounded to Dr. Dryer was to get his opinion as an expert as to whether the plaintiff's injuries were permanent. The court, it seems, sustained an objection to the question because it hypothesized facts not shown by the evidence. Whether this ruling was erroneous it is unnecessary to here determine, since it appears that defendant had the full benefit of the witness' opinion in answer to other hypothetical questions propounded to him.

It is not perceivable how the defendant's cause could have been prejudiced by the ruling of the court in allowing plaintiff to introduce in evidence the original subpoenas for the witness Hall and the sheriff's return

thereon. This action on the part of the plaintiff was doubtless induced by the defendant's cross-examination of the witness Hall, showing that he had not been subpoenaed in the cause, which was wholly immaterial.

There was no error committed in allowing the American Tables of Mortality to be introduced in evidence, in view of the fact that under the testimony it was a controverted question whether the injuries claimed to have been suffered by plaintiff would be temporary or permanent.—*Vicksburg R. R. Co. v. Putnam,* 118 U. S. 545, 7 Sup. Ct. 1, 30 L. Ed. 257; *L. & N. R. R. Co. v. Mothershed,* 97 Ala. 261, 12 South. 714; *Birmingham Mineral R. R. Co. v. Wilmer,* 97 Ala. 170, 11 South. 886.

Under the testimony whether the defendant was guilty of negligence which caused plaintiff's injuries as alleged in the third count of the complaint, and if plaintiff sustained the injuries as alleged whether they were temporary or permanent, were clearly questions for the determination of the jury. The affirmative charge requested by defendant was, therefore, properly refused.—*Montgomery & Eufaula Ry. Co. v. Mallette,* 92 Ala. 209, 9 South. 363, and cases there cited. This case also fully sustains the correctness of the first part of the oral charge of the court, to which an exception was reserved, which is criticised as exacting too high degree of care on the part of the defendant as a carrier. See, also, *Mobile Light & R. R. Co. v. Walsh.* 146 Ala. 295. 40 South. 560.

Under the evidence it was open to the jury to find that the collision was caused by the negligence of the fireman or flagman of the freight train crew, who was sent forward to flag the approaching passenger train, upon which plaintiff was a passenger, in not giving the signal at a sufficient distance between the two trains, in order that the approaching train might be stopped in time to

prevent it colliding with the other, and not to any want of care on the part of those manually operating either of the trains. In view of this tendency of the evidence, written charge designated "B," requested by defendant, was properly refused. Furthermore, it is not clear to which of the trains reference is made in the latter clause of the charge.

Conceding the correctness of charge 6 and its applicability to the case in hand, without deciding either proposition, the principle declared in it was asserted in charges which were given at defendant's request.

We find no error in the record of which the appellant can complain, and the judgment must be affirmed.

HARALSON, SIMPSON, ANDERSON and DENSON, JJ., concur. DOWDELL, J., dissents.