# Irwin *v.* L. & N. R. R. Co.

*Action for Damages to Passenger.*

(Decided June 10, 1909.   50 South. 62.)

1. *Carriers; Passengers; Duty to; Injury by Stranger; Known and Unknown Danger.*—While a carrier is bound to protect its passengers from all dangers which are known, or which ought to be known by the exercise of a high degree of care, whether occasioned by its own servants or strangers, yet, where neither the carrier nor its agents know of the danger of its passengers, and could not reasonably anticipate or provide against injury, the carrier is not liable for injury suffered by a passenger at the hands of a stranger.

2. *Same; Concurring Negligence of Stranger and Carrier.*—Where injury results to a carrier from the concurring negligence of a stranger and the carrier, the carrier is liable.

3. *Same; Vehicles and Appliances.*—The carrier of passengers must provide vehicles as safe as skill and foresight can reasonably make them, and must provide cars and appliances of the most approved type in general use by others engaged in a similar calling, and exercise a high degree of care to maintain and keep them in

suitable repair and efficient for their intended purpose, and if a passenger is injured owing to any defect or unsafe condition of the vehicle, carriages, cars, or other appliances, the carrier is liable.

4. *Same; Liability for Unavoidable Casualty.*—The law does not impose on a carrier the duty to absolutely warrant the safety of passengers and a carrier is not liable for casualties against which human sagacity cannot provide, nor the utmost prudence prevent.

5. *Same; Missile Thrown Through Window.*—Under ordinary circumstances a carrier is not required to anticipate that missiles will be thrown through the windows of its cars, and injure passengers, and so is not required to see that the blinds are closed or lowered to prevent it, the windows and blinds being for the purpose of admitting and excluding light and air, for the comfort and convenience of the passengers. Therefore, in the absence of a showing that such an assault or injury could have been reasonably anticipated at the time and place at which it happened, the carrier cannot be held liable for such injury.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Roxie Irwin against the Louisville & Nashville Railroad, for injuries received while a passenger from a rock or other missile thrown through the car window. Judgment for defendant and plaintiff appeals. Affirmed.

WERT & LYNN, for appellant.—The court erred in sustaining demurrers to count 4 both before and after amendment.—*Missimer v. Phila. R. R. Co.*, 17 Pa. 172; *Bir. R. & E. Co. v. Baird*, 130 Ala. 334; *Spangler v. St. Jos. & G. I. R. R. Co.*, 63 L. R. A. 634; see also 3 L. R. A. (N. S.) 607; 59 L. R. A. 105. The court erred in giving the affirmative charge.—6 Cyc. 604; 8 Am. Neg. cases, 185.

JOHN C. EYSTER, for appellee.—No brief came to the Reporter.

MAYFIELD, J.—The appellant, as a passenger, sued the appellee, as a railroad common carrier, to recover damages for personal injuries received and suffered by her, while a passenger on its train, as the result of being

struck by a missile that came through the window of the car, and also by flying glass knocked from the window by the missile. The missile was evidently thrown through the window from without by some miscreant, a third party.

Railroad companies as common carriers of passengers, are perhaps not bound to protect their passengers from injuries by third persons to the same extent and degree as from like injuries by their own agents or employes, yet they must use a high degree of care to prevent such injuries by strangers; but if the carrier or its agents have no knowledge of the condition of danger to which the passenger is subjected, and could not reasonably have anticipated the injury, or provided against it, the carrier is not and ought not to be liable for an injury suffered by a passenger at the hands of a stranger. But the carrier is under the duty to protect its passengers from all dangers which are known, or which by the exercise of a high degree of care ought to be known, whether occasioned by its own servants or by strangers. And if the injury suffered by the passenger is the result of the concurring negligence of a stranger and its own, the carrier is liable. Elliott on Railroads, § 1639; Hutchinson on Carriers (1906 Ed.) § 913.

Carriers are required to provide for passengers vehicles as safe as skill and foresight can reasonably make them, and the various appliances with which these vehicles are equipped must be kept in a safe and suitable condition; and if a passenger suffers an injury in consequence of any defect or unsafe condition of the vehicles, carriages, or cars, or of the appliances thereof, the carrier is liable therefor. The carrier is not, however, charged with the duty of providing or maintaining vehicles or appliances which will absolutely prevent injury to passengers. This would probably be impossible.

If not, it is too high a duty to impose upon the carrier. But the carrier is required to provide cars and appliances "of the most approved type in general use by others engaged in a similar occupation," and, having so provided, it must exercise a high degree of care to maintain and keep them in suitable repair and efficient for their intended purpose.

The law is very strict and stringent as to the duties it imposes upon common carriers for the safety of passengers; but there is no absolute warranty of safety imposed. There are certain risks and dangers to which passengers are necessarily exposed, for which the carrier is not, and ought not to be, liable. These are the casualties against which human sagacity cannot provide, nor the utmost prudence prevent. Every passenger must and does assume the risks incident to the mode of travel he selects, when they cannot be avoided or prevented by the utmost care and skill on the part of the carrier. It is common knowledge that passengers on ordinary railroad cars open and shut the blinds to the windows, and raise and lower the windows, near their seats, at their pleasure; that they adjust them to suit their own convenience; that if they cannot do so that it is usually done by the employes of the carrier, at the request and in accordance with the wishes and directions of the passengers. While employes of railroads do open and shut the doors to the cars, and raise and lower the blinds and windows, the passengers also do the same, and the employes of the carrier perform these acts at the request of the passengers. While the carrier or its employes probably can control the passengers, as to whether the doors or windows or blinds shall be opened or closed, yet the passengers usually open or close them at their own will, and if restrained or prevented from so doing it is the exception and not the rule.

The facts in this case show without dispute that the car in question was provided with glass windows and wooden blinds such as were in common use by the best regulated railroad carriers for such trains; that the blinds were up, but the window was down; that the missile was hurled through the glass by some unknown person or cause; that it struck plaintiff; and that pieces of the broken glass also struck her, inflicting personal injuries. It is insisted by the plaintiff that if the blind had been closed or lowered, as it should have been, it would have arrested the missile and the broken glass, and have thus prevented the injury. Neither the glass nor the blinds are intended for the purpose of arresting such missiles, but are intended for the purpose of admitting and excluding light and air. They are designed for the comfort and pleasure of the passengers, who usually open and close them, or have it done, at their own pleasure. It is not to be expected or anticipated that miscreants will throw missiles through the windows of cars, or shoot through them, and thus injure or kill passengers, though such things do sometimes happen; but a carrier is not ordinarily chargeable with the duty of providing against such dangers or casualties, and there were no facts to show that such an assault or injury could have been reasonably anticipated at the time and place at which this happened. The carrier could no more anticipate such an accident than the passenger, and could not provide against it, except at the expense of the comfort and pleasure of its passengers, by removing the glass windows or obstructing them with heavy blinds or bars.

If the closing or lowering of the blind would have prevented the injury, then the plaintiff was equally at fault in not closing it or requesting it to be closed. But the truth of the whole matter, which clearly appears

from all the evidence, is that it was an accident or casualty, incident to this kind of travel, that was not to be anticipated or provided against, and for which the carrier is not and ought not to be liable. The court properly gave the affirmative charge for the defendant; and error in any other respect, if such there be, is necessarily without possible injury to the plaintiff.

The judgment is affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.