(103 So. 872)

## LOUISVILLE & N. R. CO. v. BOWEN.
### (6 Div. 269.)

(Supreme Court of Alabama. March 26, 1925.
Rehearing Denied April 30, 1925.)

**1. Carriers ⬀241—Postal clerk on train held passenger to whom carrier owes same degree of care as to other passengers.**

Relation between railroad and postal clerk on its train is that of carrier and passenger, to whom it owes same degree of care as to other passengers.

**2. Carriers ⬀321(3)—Instructions on degree of skill and diligence required in conserving postal clerk's safety held reversible error as exacting too high degree of care.**

Instructions that railroad must exercise highest degree of skill and diligence in conserving safety of postal clerk on train, without qualification that skill and diligence of degree known to careful, skillful, and diligent persons engaged in such business is sufficient, *held* reversible error as exacting too high degree of care.'

**3. Carriers ⬀314(1) — Count of complaint, averring defendant railroad's negligence, in action for injuries to postal clerk, held sufficient on demurrer.**

Demurrer to count of complaint, averring that, while plaintiff was employed and engaged about his duties as mail clerk on defendant's train, defendant's servants negligently operated train in such manner as to throw plaintiff violently against loose screen projecting from side of car, as proximate consequence of which he was injured, *held* properly overruled.

**4. Appeal and error ⬀843(4)—Omission of word "negligently" in count of complaint held so readily amendable on retrial as not to require consideration.**

Omission of word "negligently" in concluding paragraph of count of complaint *held* so readily amendable on retrial as to permit presumption that all question as to sufficiency of charge of negligence will be eliminated thereon.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by T. J. Bowen against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 1 of the complaint avers that:

"While plaintiff was employed as a railway mail clerk on a train operated on said road, and engaged in and about his duties as such, a servant or agent of defendant, while acting within the line and scope of his employment by the defendant, negligently caused or allowed said train then and there under his control to be so operated that plaintiff was thrown violently against an obstacle, to wit, a loose screen, projecting from the side of the car of said train in which plaintiff was so employed, and by reason of and as a proximate consequence of said negligence plaintiff was" injured.

Excerpts from the oral charge of the court, made the bases of assignments of error 5, 8, 10, 11, and 12, are as follows:

(5) "The law requires, gentlemen of the jury, that while a United States mail clerk, or person traveling in a mail car, which is being operated, train on which it is—the train which is pulling a mail car, being operated by the defendant—the law requires of the defendant the same degree of care in carrying and in conserving the safety of the mail clerk, while in the discharge of the duties of such mail clerk, of such employment, it was a common carrier of passengers, and while the mail clerk is not a passenger, the same degree of care is required of the defendant as to his transportation, and that degree of care is, it is the duty of the defendant here to exercise the highest degree of skill and diligence in conserving the mail clerk's safety, and making his journey safe and free from harm, and for negligence in the discharge of such duty, which proximately resulted in injury to the mail clerk, the defendant would be liable."

(8) "I charge you, gentlemen of the jury, it was the duty of the defendant in this case to use the highest degree of skill in transporting the plaintiff from the beginning of his journey to his destination, and if by reason of negligence on the part of the defendant, he is injured, that is, proximately injured, I mean, there was any negligence on the part of the defendant which proximately contributed to his injury, the defendant is liable, unless there was contributory negligence on the part of the plaintiff."

(10) "You heard the testimony with reference to what took place, the plaintiff claims brought about the injury. You gather from the evidence to your reasonable satisfaction if the defendant was using or was not using the highest degree of skill in transporting the plaintiff in this case."

(11) "If you should find they were not using the highest degree of skill in carrying or transporting the plaintiff, then your verdict would be for the plaintiff, provided, however, that you find from the evidence that the defendant (plaintiff) did not contribute in any way to the slightest degree to his own injury."

(12) "The first thing for you to find out, gentlemen of the jury, is, did the defendant in this case use the highest degree of skill in carrying the plaintiff as a mail clerk from the beginning of his journey to his destination? If you find that they did not, the next thing for you to inquire into would be, Did the plaintiff by negligence on his part proximately contribute to his own injury? If he did, then the plaintiff would not be entitled to recover. If he did not, the plaintiff would be entitled to recover."

McClellan, Rice & Stone and J. K. Jackson, all of Birmingham, for appellant.

The oral instruction of the court imposed too high a degree of care upon the defendant. B. R., L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262; M. & E. Ry. v. Mallette, 92 Ala. 209, 9 So. 363; G. & A. U. v. Causler, 97 Ala. 235, 12 So. 439; Sou. Ry. v. Burgess, 143 Ala. 364, 42 So. 35; Elliott on R. R. §

1585; C. of G. v. Barnitz, 14 Ala. App. 354, 70 So. 945; Best Park v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929; Tri-City R. Co. v. Gould, 217 Ill. 317, 75 N. E. 493; North Chicago S. R. Co. v. Polkey, 203 Ill. 225, 67 N. E. 793; 10 C. J. 858.

London, Yancey & Brower and Clara Cain, all of Birmingham, for appellee.

Count 1 sufficiently charged negligence. B. R., L. & P. Co. v. Jordan, 170 Ala. 535, 54 So. 280; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 352, 61 So. 81; B. R., L. & P. Co. v. Barrett, 179 Ala. 279, 60 So. 262. There was no error in the oral charge of the court. B. R., L. & P. Co. v. Jordan, supra; S. A. L. v. Mobley, 194 Ala. 211, 69 So. 614, L. & N. v. Young, 168 Ala. 551, 53 So. 213.

GARDNER, J. [1] Appellee recovered a judgment for injuries received on one of appellant's trains conveying United States mail, while engaged in his duties as a postal clerk thereon. The relation between the plaintiff and defendant was that of carrier and passenger, and it is not questioned that the defendant owed to the plaintiff the same degree of care as was due its passengers. Southern Ry. Co. v. Harrington, 166 Ala. 630, 52 So. 57, 139 Am. St. Rep. 59; 6 Cyc. 542.

[2] There were several exceptions reserved by the defendant to separate portions of the oral charge of the court, and the assignments of error based thereon constitute the question of prime importance on this appeal. The portions of the oral charge to which these exceptions were reserved appear in the fifth, eighth, tenth, eleventh, and twelfth assignments of error, and these assignments appear in the report of the case. The point is taken against these instructions that they require of defendant the duty of exercising the highest degree of skill and diligence in conserving plaintiff's safety, without any qualifying language to the effect that such skill and diligence suffices if it is of that degree known to careful, diligent, and skillful persons engaged in such business. An instruction of like character was considered and condemned in Birmingham Ry., L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262, where many of our cases are reviewed. The charge there condemned was as follows:

"It is the duty of a street car company to exercise the highest degree of care known to human skill and foresight in regard to the carriage of its passengers, and the carrier is liable for the slightest degree of negligence."

After reviewing a number of our decisions, the court said:

"The 'highest degree' of care, skill, and diligence is a relative term, and means the highest degree required by the law in any case where human safety is at stake, and the highest degree known to the usage and practice of very careful, skillful, and diligent persons engaged in the business of carrying passengers by similar means and agencies. * * * It does not mean that every possible or conceivable care and precaution which might increase, or even assure, the safety of the passenger, must be taken, but only such as are reasonably practicable under the circumstances; i. e., reasonably consistent with the practical operation of the carrier's business. * * * We are satisfied that the language of the charge under consideration, though somewhat inapt and obscure in meaning, exacts of carriers a higher degree of care than the law requires of them, and that the trial court erred in thus instructing the jury. Obviously many things conducive to safety may be known to human skill and perceptible to human foresight, and yet the most careful and skillful carriers may seldom or never use such means or precautions because they are entirely impracticable and wholly inconsistent with the rational operation of their business."

We are of the opinion that this authority and these quotations therefrom suffice to show that the essential qualification of such instructions was here omitted, and that these exceptions to the oral charge of the court were well taken and constitute reversible error. Upon a careful reading of the charge as a whole, as well also the charges given at defendant's request, we are unable to find that this error was cured or that it was without injury. Under our decisions these instructions exacted too high a degree of care, and nothing appears in the record corrective of the error.

[3] The demurrer to count 1 was properly overruled. Birmingham Ry., L. & P. Co. v. Jordan, 170 Ala. 530, 54 So. 280; Birmingham Ry., L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262.

[4] The only objection urged against count 3 is the omission of the word "negligently" in the concluding paragraph. Whether the count construed as a whole sufficiently charges negligence we need not stop to inquire, however, as, in view of the reversal of the cause, the objection is one so readily amended upon another trial we may presume all question thereto will be eliminated.

For the error indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.