(130 So. 557)

## SOUTHERN RY. CO. v. LOCKRIDGE.

6 Div. 475.

Supreme Court of Alabama.

Oct. 30, 1930.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Altman & Koenig, of Birmingham, for appellee.

16

■■■■■■■■■■■■

**SAYRE, J.**

The case was tried upon count B of the complaint in which plaintiff claimed of "the defendants"—meaning, as the record shows, the Southern Railway Company, a corporation, and Julian B. McKibbon—damages for that "on, to-wit: the 16th day of April, 1928, the defendants were engaged in operating a railroad train from the city of Atlanta, in the state of Georgia, to, in and through the city of Birmingham, Jefferson County, Alabama, same being then operated on a railroad track. That on, to-wit, said date plaintiff was standing on said track and on a public highway in said city of Birmingham, known as Wood Street (at a place on said public highway which was a public crossing over said track) waiting for a train, on a track next to the track on which plaintiff was standing, to clear the Wood Street crossing; that while at said place the railroad train so operated by defendants was approaching plaintiff under the management and control of defendants; that plaintiff was put in peril of his life, or of great bodily harm by said approaching train; that the agent, agents or servants of the defendants in charge of said train acting within the line and scope of his or their authority as such saw said peril of plaintiff, and saw that plaintiff would not likely make any effort to avoid being injured; that after the discovery of plaintiff's said peril the agent, agents, servant or servants of the defendants in charge of said train, acting within the line and scope of his or their authority as such, so negligently and carelessly conducted themselves in and about the operation of said train that said train was caused, as a proximate result of said negligence, to run upon or against plaintiff, and as a proximate result of said negligence plaintiff was injured and damaged as follows"—stating plaintiff's injuries.

The evidence for the defense tended to exonerate McKibbon of negligence, but in one of its aspects tended to fasten a charge of negligence upon one Harris, who at the time of plaintiff's injury was fireman on the locomotive and keeping a lookout from his side thereof. The jury returned a verdict for plaintiff "against defendant Southern Railway Company," assessing damages—this in pursuance of the court's instruction that their verdict might be cast in that form. Thereupon the court rendered judgment against the railway company and that the defendant McKibbon go hence, etc.

■ At the threshold of the case the court here is met by the proposition set forth in Walker v. St. Louis-San Francisco Railway Company, 214 Ala. 493, 108 So. 388, where it was said to be the settled law of this and other courts that, "when the master is sued jointly with his servant for the misfeasance or malfeasance of said servant, and is liable for the conduct of said servant under the doctrine of respondeat superior a verdict in favor of such servant entitles the master to have the verdict against him set aside," following therein the decision in Supreme Lodge v. Gustin, 202 Ala. 246, 80 So. 84, where numerous cases to that effect had been cited.

■ The court had refused to defendant charge A—2 requested in the following language: "The court charges the jury that you cannot find a verdict against defendant Southern Railway Company for or on account of any negligence on the part of engineer Julian B. McKibbon without also finding a verdict against said engineer Julian B. McKibbon."

■ We find no very impressive reason for refusing to follow the cases to which we have referred. Plaintiff's testimony was that he was standing on defendant's track, between the rails, waiting there for a train on a parallel track, close at hand, to move so that he might proceed along the street crossed by the two tracks and that there was nothing to obstruct the view of those operating the train along the track which was straight for a long distance. The testimony of the trainmen was that plaintiff stepped upon the track so close to the approaching train that no effort on the part of the trainmen could have prevented the accident, and, of course, if that were true, no verdict should have been rendered against either of the defendants named in the complaint. But, assuming for the argument that plaintiff's version of the facts was true, there was no more reason for a verdict against the railway company than for a finding against the engineer, and the charge here under consideration was erroneously refused. Nor can appellee's concluding suggestion on the point here discussed, viz., the proposition of the charge is not predicated or hypothesized on the jury's belief of the evidence, avail appellee. The proposition of the charge is a proposition of law made relevant by the evidence adduced, and there was no need of an hypothesis of fact.

■ A number of exceptions were reserved to rulings by which the court allowed plaintiff to testify to facts going to show the manner and progress of his treatment by surgeons for his wounds and the suffering caused thereby. Plaintiff had the right to show the suffering he endured by reason of his wounds resulting from the accident in which he was injured—this in order that his compensation in the way of damages might be properly estimated and assessed in the event of a finding against defendants. Some of the questions put to plaintiff by his attorneys appear rather to have had in view proof that defendant's surgeons, attending the plaintiff's injuries, did not proceed skilfully in that matter, and for such imputed lack of skill defendant might be punished in the assessment of damages. Defendant could not, under the pleading in this cause, be justly held to an-

swer in damages—that is plaintiff's damages could not be augmented so as to punish defendant—for more than the former's actual disability and suffering by reason that defendant's surgeons incompetently or unskillfully treated his wounds, nor in any state of pleading, unless defendant negligently or with indifference to consequences employed incompetent or unskillful surgeons. O'Quinn v. Alston, 213 Ala. 346, 104 So. 653, 39 A. L. R. 1263. There was no allegation nor was there evidence going to show negligence on the part of defendant in the employment of its surgeons. Nevertheless the facts sought to be elicited were admissible for the limited purpose indicated, viz., to show plaintiff's disability and suffering, and, if there appeared reason to apprehend that they might be considered by the jury for another purpose not proper in itself, that contingency should have been guarded against by proper instructions.

■ Some months after the accident in suit plaintiff at a different place fell from the step of a coach on a different railroad and received injuries to a leg which had been injured in the accident on account of which plaintiff was suing. Some account of plaintiff's treatment for the injury received in the second accident went to the jury without objection, but defendant did object to X-ray pictures of plaintiff's leg after it had been broken the second time. Such pictures should not have been admitted. They added nothing to the information as to the results of the accident in suit which had been shown by numerous X-rays submitted to the jury. They tended only to prejudice the defense by the exploitation of an injury for which defendant was in no sense responsible.

■ We are unable to affirm that the defendant was due the general affirmative charge requested by it. There was some evidence, however inconclusive, going to show that defendant's engineer observed that plaintiff was in a position of peril and might have prevented his injury by stopping defendant's train. It was, however, hardly more than a scintilla, but that, under the rule prevailing in this court, justified the trial court in submitting the issue to the jury for their decision in the first place. Whether the verdict should have been set aside on defendant's motion we need not consider, since our conclusion is that the judgment should be reversed on other grounds.

If plaintiff would further prosecute his suit on the ground of the negligence of defendant's fireman in keeping a lookout—that now appearing to be his main reliance—the complaint will need to be refashioned by the elimination of the engineer as a party defendant, in which case evidence may be adduced tending to prove negligence of any agent of defendant engaged in operating the train, or by substituting the fireman as party defendant, in which case, of course, the evidence will be limited to proof of his acts in the premises.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.