## ALABAMA POWER CO. v. MADDOX.

### 7 Div. 203.

Supreme Court of Alabama.

Oct. 12, 1933.

Rehearing Granted Dec. 21, 1933.

Roger C. Suttle and O. R. Hood, both of Gadsden, for appellant.

McCord & McCord, of Gadsden, for appellee.

BROWN, Justice.

This is an action on the case by a passenger against the appellant, a common carrier of passengers, to recover damages for personal injuries, alleged to have been inflicted on the plaintiff as a proximate consequence of the negligence of defendant, or its agents or servants.

The first count, after alleging matters of inducement and the character and extent of plaintiff's injuries, avers "all of which injuries and damages he avers were proximately caused by this negligence of the defendant corporation, to wit: Defendant negligently failed to use *reasonable care and diligence* to provide plaintiff with a reasonably safe means of egress from said car, to his full damages as aforesaid, for which he now sues." (Italics supplied.)

The second count adopts the averments of the first as to matters of inducement and the character and extent of the injuries, and avers: "All of which injuries and damages he avers were proximately caused by this negligence of the agents and servants of the defendant who were in charge of the operation of said car and while acting within the scope and line of their duties of service to defendant in this: Said servants and agents of the defendant then and there acting for the defendant as aforesaid negligently caused or allowed the doors of said car to come together upon plaintiff's hand and he sustained the injuries and damages complained of, and for which he now sues," etc.

The averments of the two counts are materially different. While the first count charges negligence in general terms, it sets up a standard of duty on the part of the defendant to use only "reasonable care and diligence to provide plaintiff with" a reasonably safe means of exit.

The charge of negligence in the second count is specific: "Said servants and agents of the defendant then and there acting for the

defendant as aforesaid negligently caused or allowed the doors of said car to come together upon plaintiff's hand." The second count does not set up any standard of duty, but left the court free to apply the standard fixed by law, i. e., "the highest degree of care and diligence which is known to careful, diligent, and skillful persons engaged in such business." Central of Georgia R. Co. v. Robertson, 203 Ala. 358, 359, 83 So. 102, 103; Louisville & N. R. Co. v. Bowen, 212 Ala. 690, 103 So. 872; Southern Railway Co. v. Burgess, 143 Ala. 364, 42 So. 35; Montgomery & Eufaula Railway Co. v. Mallette, 92 Ala. 209, 9 So. 363; Gadsden & Attalla Union Railway Co. v. Causler, 97 Ala. 235, 12 So. 439; Alabama Great Southern Railroad Co. v. Robinson, 183 Ala. 265, 62 So. 813; Southern Railway Co. v. Cunningham, 152 Ala. 147, 44 So. 658; B'ham Ry., L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262, 263.

This condition of the pleadings made it difficult for the court to charge the jury, without treating the case under each count separately, and, in treating both counts as in substance and legal effect the same, the excerpts of the oral charge to which exceptions were reserved exacted of the defendant too high a degree of care certainly as to the first count, and the reasoning of the court in Birmingham Electric Co. v. Shephard, 215 Ala. 316, 110 So. 604, cannot be applied.

The same is true as to charge A, given at plaintiff's request. A charge, in some respects similar to charge A, was approved by this court in Seaboard Air Line Railway Co. v. Mobley, 194 Ala. 211, 69 So. 614; but that case, along with Irwin v. L. & N. R. R. Co., 161 Ala. 489, 50 So. 62, 135 Am. St. Rep. 153, 18 Ann. Cas. 772, was expressly overruled on that point by the court in Tomme v. Pullman Co. et al., 207 Ala. 511, 93 So. 462.

The weight of authority seems to be to the effect that, where specific acts of negligence are charged in the complaint, the doctrine of res ipsa loquitur does not apply, but the plaintiff is required to prove his case, without the aid of this doctrine. Central of Georgia R. Co. v. Robertson, supra; Feldman v. Chicago Railways Company, 289 Ill. 25, 124 N. E. 334, 6 A. L. R. 1291; 45 C. J. page 1225, § 786.

Appellant insists that the doctrine of res ipsa loquitur is not applicable under the pleadings and evidence, and therefore it was due the affirmative charge.

Inasmuch as the case must be reversed for the errors noted, and the pleadings will probably be recast on another trial, we deem it unnecessary to pass upon this question.

For the errors noted, a rehearing is granted, the judgment of affirmance is set aside, and the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.