183 So. 849

**LOUISVILLE & N. R. CO. v. MADDOX et al.**

**6 Div. 92.**

Supreme Court of Alabama.

Jan. 20, 1938.

Rehearing Denied June 16, 1938.

Further Rehearing Denied Oct. 6, 1938.

Application for Further Rehearing Stricken Nov. 3, 1938.

Chas. H. Eyster, of Decatur, and Gibson & Gibson, of Birmingham, for appellant.

W. H. Sadler, Jr., of Birmingham, amicus curiæ, for appellant.

J. L. Drennen, of Birmingham, for appellees.

THOMAS, Justice.

The suit was for damages and the judgment was for the plaintiff. There are many assignments of error, and the argument of counsel will, for convenience, be followed in such respects as may be practicable.

The trial was had on counts as amended to which demurrer had been overruled. The defendants pleaded the general issue, and in short by consent with leave to give in evidence any matter which being well pleaded would be admsisible in defense of the action.

It may be well to state several propositions of law which have been declared by this court, as illustrated in the general statements thereof found in the decisions now to be stated.

(1). Having assumed the position of a common carrier for hire of passengers, such common carrier is not an insurer of the safety and comfort of its passengers,

its duties being to exercise the highest degree of care, skill, and diligence known to competent operators of railroad passenger trains to protect their passengers while boarding the train, in transit and alighting therefrom. Mosely v. Teche Lines, 232 Ala. 110, 166 So. 800; Ensley Holding Co. v. Kelly, 229 Ala. 650, 158 So. 896; Alabama Power Co. v. Maddox, 227 Ala. 628, 151 So. 575; Louisville & Nashville R. R. Co. v. Bowen, 212 Ala. 690, 103 So. 872; Central of Georgia Ry. Co. v. Robertson, 203 Ala. 358, 83 So. 102; Alabama Great Southern R. Co. v. Robinson, 183 Ala. 265, 62 So. 813; Birmingham Ry. Lt. & Pr. Co. v. Barrett, 179 Ala. 274, 60 So. 262; Irwin v. Louisville & Nashville R. R. Co., 161 Ala. 489, 50 So. 62, 135 Am.St.Rep. 153, 18 Ann. Cas. 772; Southern Ry. Co. v. Cunningham, 152 Ala. 147, 44 So. 658.

■ (2) Generally speaking, it is understood in the books that the proximate cause of an injury is the primary moving cause which, in the natural and probable sequence of events, and without the intervention of a new or independent cause, produces the injury. Louisville & Nashville R. R. Co. v. Courson, 234 Ala. 273, 174 So. 474; Alabama Power Co. v. Curry, 228 Ala. 444, 153 So. 634; Smith v. Alabama Water Service Co., 225 Ala. 510, 143 So. 893; International Harvester Co. v. Williams, 222 Ala. 589, 133 So. 270; Western Ry. of Ala. v. Mutch, Adm'r, 97 Ala. 194, 11 So. 894, 21 L.R.A. 316, 38 Am.St.Rep. 179; Scott v. Shepherd, The Squib Case, 2 Wm. Bl. 892.

■■ (3) Where the act and the injury are not known by common experience to be naturally and reasonably in sequence and the injury does not in the ordinary sequence of events and under the circumstances follow from the act, they have been held not sufficiently connected to make the act the proximate cause. Clendenon v. Yarbrough, 233 Ala. 269, 171 So. 277; City of Birmingham v. Latham, 230 Ala. 601, 162 So. 675; Alabama Utilities Co. v. Champion, 230 Ala. 263, 160 So. 346; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610; Id., 222 Ala. 120, 130 So. 807; Whitman v. Mobile & Ohio R. Co., 217 Ala. 70, 114 So. 912; Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90; Mobile & Ohio R. Co. v. Christian Moerlein Brewing Co., 146 Ala. 404, 41 So. 17; Armstrong v. Montgomery St. Ry. Co., 123 Ala. 233, 26 So. 349. And in Central of Georgia Ry. Co. v. Barnitz, 14 Ala.App. 354, 363, 70 So.

945, 949, it is declared that "the carrier, if its servant was guilty of negligence, should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed" would have "thought reasonably probable to follow." Id., 198 Ala. 156, 73 So. 471; Louisville & Nashville R. Co. v. Clark, 205 Ala. 152, 87 So. 676, 14 A.L.R. 695; Pollard v. Jarrett, 233 Ala. 77, 169 So. 697.

■ (4) Where one act creates a condition which is subsequently acted upon by another independent and distinct agency to produce the injury, the original act held the remote, and not the proximate, cause of the injury in Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610; Alabama Power Co. v. Cooper, 229 Ala. 318, 156 So. 854; Ruffin Coal & Trans. Co. v. Rich, 214 Ala. 633, 108 So. 596; Hammett v. Birmingham Ry. Lt. & Pr. Co., 202 Ala. 520, 81 So. 22; Garrett v. Louisville & Nashville R. R. Co., 196 Ala. 52, 71 So. 685; Tobler v. Pioneer Mfg. Co., 166 Ala. 482, 52 So. 86.

It is an insistence of the defendant that it was entitled to the general affirmative charge requested in writing. The admission of appellant's counsel is that it was to be inferred from the evidence that there was a failure of appellant's agent in charge of the loading or boarding of trains to have learned from the examination of the intestate's ticket that it was not good on the train they were loading. It is further insisted that from this point onward, according to the evidence, the carrier conducted itself with due care; that the conductor informed the excursion passengers, one of whom was intestate, that "they should have to leave the Pan-American at Montgomery and there await the excursion train for which they held tickets"; and that such passengers, including intestate, alighted from the Pan-American at Montgomery without assistance and without mishap; that "when the excursion train," for which intestate had a ticket, "arrived a few minutes later, the intestate and her party left the waiting room, and in descending some steps from the waiting room, preparatory to boarding the excursion train, the intestate sustained her fall" and injury for which suit is brought.

The question then presented by the plea and the evidence is, Was the accident and injury to intestate reasonably to be apprehended in view of all the circumstances

affecting her as a traveler, when her advanced age of eighty-one years and the fact that she was unattended in making the change of trains in Montgomery, required or made necessary by the acts of several of defendant's agents, are considered?

The situation is clearly stated in the complaint as amended in counts 1, 2, and 3.

■ It is well established by many decisions in this jurisdiction that persons who perpetrate torts are, as a rule, responsible for the consequences of the wrongs they commit. That is, unless the tort be the proximate cause of the injury complained of, there is no legal accountability. Western Railway of Alabama v. Mutch, Adm'r, 97 Ala. 194, 11 So. 894, 21 L.R.A. 316, 38 Am.St.Rep. 179. The authorities are collected and digested in the more recent case of Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610, 622. See, also, Louisville & Nashville R. R. Co. v. Courson, 234 Ala. 273, 174 So. 474, 476.

■■ In the case of Morgan Hill Paving Co. v. Fonville, supra, is found a quotation from Dr. Joseph H. Beale to the effect that "When one is responsible for the operation (a) of an active force which he has created; (b) of an active force which acts upon a passive force which he has created, or upon a passive force which he is legally bound to change. Each time one or more active causes operate on a condition to create a new condition, a new causal step is taken, ending with the given result." However this may be, it is recognized that the rule that obtains in this jurisdiction is passed upon and stated in Armstrong v. Montgomery Ry. Co., 123 Ala. 233, 26 So. 349. This rule has been recently repeated in the case of Morgan Hill Paving Co. v. Fonville, supra, and for convenience is restated here, as follows:

"[16] The question of proximate or remote cause is the consideration of active force or risk—the 'result of impression of active force upon a passive force, or of two or more active forces acting on each other.' There must be one active force, and may be two or more coexisting and co-operating forces to the same injurious effect, as its proximate cause. * * *

"[17] Under the rule that the court will trace an act into its proximate, but not into its remote, consequences, and tracing from result to cause, it will be noted that in fact there may be two or more concurrent and directly co-operative and efficient proximate causes of an injury. Beale in 33 Harvard Law Rev. p. 740. In Jones & Hooks v. Finch, 128 Ala. 217, 29 So. 182, Mr. Chief Justice McClellan observed that the evidence showed defendant negligently caused a wire to fall and remain on a trolley wire hanging into the street, and come in contact with plaintiff's animal, and that the 'phone wire became charged with the electric current from the trolley; that the driver of the mule did not observe the suspended wire; held to recover, notwithstanding the negligence of the owner of the trolley wire in not providing fenders against the telephone wire was a conjunctive cause of the disaster. The Chief Justice said:

"'* * * The negligence of the defendants was an efficient proximate cause of the result complained of, and it is of no consequence that the negligence of the owner of the trolley wire in not providing fenders against the telephone wire was a conjunctive cause of the disaster.'"

■ The rule is further stated in the case of Louisville & Nashville R. Co. v. Courson, supra, as follows: "The many decisions of this court dealing with negligence as the proximate cause, when some independent agency has intervened and been the immediate cause of the injury, hold the party guilty of negligence in the first instance is not responsible, unless at the time of the original negligence the act of the independent agency could have been reasonably foreseen. That is to say, if the act of the independent agency could have been reasonably foreseen, the causal chain is not broken. If the injury resulted from an independent, intervening, efficient cause, not reasonably to be anticipated, to wit, the act of a third person, the negligence shown, if any, was not the proximate cause of the injury."

The recent authorities are collected and announcement to like effect made in Goodwyn v. Gibson, 235 Ala. 19, 177 So. 140.

■ It is reasonably to be inferred that in the case at bar Mrs. Montgomery would not have been in appellant's waiting room at Montgomery to again board a train to Mobile if she had not been placed upon or permitted to board this section of defendant's train in question at Birmingham by the mistake of appellant's agent within the line and scope of his duty. That is to say, the act of appellant's agent in misreading the ticket in Birmingham and permitting her to board the wrong section is so closely related in cause and effect to the fall and

injury of decedent, while she was being required to make the change of trains in Montgomery, as to be in law the proximate cause thereof. Louisville & Nashville R. Co. v. Courson, supra; Louisville & Nashville R. Co. et al. v. Clark, 205 Ala. 152, 87 So. 676, 14 A.L.R. 695.

The evidence follows closely the averments of the complaint, as we have indicated, and we are not of the opinion that one or more active causes operated on a condition in such wise as to create a new condition and a new causal step, as insisted. Morgan Hill Paving Co. v. Fonville, supra; Whitman v. Mobile & O. R. Co., 217 Ala. 70, 114 So. 912.

It is further contended by the appellant that the court erred in so charging the jury as to permit the finding of a verdict against the corporate defendant, while acquitting the individual agent. The court, in its oral charge, said:

"The question presents itself of there being two defendants. As the court sees it, and I so instruct, that you can find a verdict against either of the defendants; that is, that you do not have to find against both or turn both aloose, that is find for both.

"Further, anything I am saying to you now or anything I have said to you in the past is not to be construed that you should find against either of the defendants or both of them, or for the plaintiffs, or against the plaintiffs, that being, as I have said, and I shall here repeat, your duty and responsibility entirely."

▆▆▆ The rule that prevails is that, when the principal and his agent are sued in joint action in tort for misfeasance or malfeasance of the servant, and his liability for the conduct of said servant is under the rule of respondeat superior, a verdict in favor of the servant entitles the master to have the verdict against him set aside. Walker v. St. Louis-San Francisco Ry. Co., 214 Ala. 492, 108 So. 388; Southern Ry. Co. v. Lockridge, 222 Ala. 15, 130 So. 557; Hawkins v. Barber, 231 Ala. 53, 163 So. 608. Has this rule application here?

▆▆▆ Counts 1, 2, and 3, as amended, specifically charge the joint defendants with negligence in allowing the intestate to board the wrong train. The damnifying act is laid to defendants and not to any servant, agent, or employee, or either of them. The proof as to the participation of Duncan in the misdirection is in conflict. The railroad's evidence goes to show that it was the duty of Duncan, the conductor, in general to inspect the tickets and admit passengers to the train. The testimony of Duncan was to the effect that the flagman, on this occasion, was the one who inspected the tickets and directed these passengers, and in doing so was acting within the scope of his duty under his employment. It is evident that this is the phase of the testimony the jury believed to be true, since it exonerated by its verdict Duncan's participation in the misdirection. That is, that some other employee of the corporate defendant had been negligent, but that Duncan was not such employee. It follows that the verdict was based upon the doctrine of respondeat superior, its effect being to fasten liability on the master because of the negligence of the flagman and acquitting Duncan of liability, presumably because he was either not negligent or that his negligence did not produce the injury.

The appellant insists, on the authority of Southern Ry. Co. v. Lockridge, 222 Ala. 15, 130 So. 557, that the verdict was without foundation and should be set aside, and that the court erred in charging the jury that under the evidence the verdict might be against one or both defendants, depending on the jury's finding as to the effect of the acts of these two servants.

In the case cited the engineer of the railroad company was sued jointly with the railroad. The verdict exonerated the engineer and fastened liability on the railroad company. The evidence adduced tended to exculpate the engineer and to fasten a charge of negligence on the fireman. This court reversed and remanded the case for failure of the trial court to give a written charge to the jury that it could not find against the railroad company for and on account of the engineer's negligence without also finding against the engineer.

That case is easily differentiated from the case at bar. The charge dealt with the negligence of the engineer, and, if the engineer was not guilty of negligence, there would be no foundation for liability of the master, so far as the act of the engineer was concerned. If the charge in that case had hypothesized negligence generally, so as to embrace the negligence of the fireman, the charge would have been well refused. The counts of the complaint in the instant case do not limit the damnifying negligence to that of Duncan, but the averments are broad enough to embrace the negligence of the flagman, who, under the testimony given by Duncan, negligently per-

mitted the plaintiff's intestate to board the train, and the act of the flagman was the act of the carrier, under the doctrine of respondeat superior, and on this state of the evidence the jury was justified in acquitting Duncan and finding the carrier liable under the authority of F. W. Woolworth Co., Inc., v. Erickson, 221 Ala. 5, 127 So. 534.

Under the evidence in this case, it was open for the jury to find that through the negligence of the defendant carrier—that is, a violation of its continuing duty to safely carry the plaintiff's intestate and set her down at her contract-destination—she was brought into the zone of danger by being put off at Montgomery without safeguards to put her on the train on which she was entitled to be transported, and, as a proximate cause, she met her injury and death. There was no intervening wrongful act of a third person to break the natural sequence of the violation of the stated duty by the defendant. Thompson v. Louisville & N. R. R. Co., 91 Ala. 496, 501, 8 So. 406, 11 L.R.A. 146; Cook v. Continental Ins. Co., 220 Ala. 162, 168, 124 So. 239, 65 A.L.R. 921.

The result is that the court did not err in so charging the jury, nor in overruling the motion for a new trial. The judgment of the trial court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

. On Rehearing.

PER CURIAM.

The question presented must not be confused with the question of contributory negligence. The idea of contributory negligence presupposes negligence of the defendant, and contributory negligence, though it may be a contributing or concurring cause, can never be an efficient intervening cause to break the chain of causation flowing from the defendant's negligence and insulate the same. Contributory negligence is a special affirmative defense which must be specially pleaded and if not pleaded is waived. Southern Railway Company v. Shelton, Adm'r, 136 Ala. 191, 34 So. 194; Kansas City, M. & B. R. Co. v. Crocker, 95 Ala. 412, 11 So. 262.

The fact and legal result of an efficient intervening cause, which breaks the chain of causation flowing from defendant's negligence, cannot be waived. It arises as a matter of law out of the facts and circumstances and its effect is to insulate the defendant's negligence and remove it as an efficient cause of the injury or death.

Therefore, if the negligence of the carrier, acting through its flagman, in allowing said intestate to board the wrong train in Birmingham to go to her contract destination in Mobile, brought her within the zone of danger, and as a proximate consequence she was injured so that she died (and this was a question for the jury), the innocent and necessary act of said intestate in going from the waiting room in Montgomery, where she was instructed to go and wait for the right train, to the train provided by the defendant for her carriage, and the incident thereof—intestate's fall on the steps—cannot operate as an efficient intervening cause to break the chain of causation arising from such negligence. Cook v. Continental Ins. Co., 220 Ala. 162, 168, 124 So. 239, 65 A.L.R. 921; Thompson v. Louisville & N. R. R. Co., 91 Ala. 496, 501, 8 So. 406, 408, 11 L.R.A. 146; Dye-Washburn Hotel Co. v. Aldridge, 207 Ala. 471, 475, 93 So. 512; Armstrong, Adm'r v. Montgomery Street Ry. Co., 123 Ala. 233, 26 So. 349.

We repeat here what was said in the case last cited: "The logical rule in this connection, the rule of common sense and human experience as well, * * * is that a person guilty of negligence should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by reasonable diligence or not, would, at the time of the negligent act, have thought reasonably possible to follow, if they had occurred to his mind." 123 Ala. 249, 250, 26 So. 354.

Application overruled.

ANDERSON, C. J., and THOMAS, BROWN, and KNIGHT, JJ., concur.

On Further Rehearing.

PER CURIAM.

The case was put on rehearing by the Court that the pleading be re-examined as affecting the verdict against the defendant master, and the discharge of Duncan, the conductor, and on the action of the jury affecting the ruling on the motion for a new trial.

602

In F. W. Woolworth Co., Inc., v. Erickson, 221 Ala. 5, 127 So. 534, is the observation [page 537]:

"Upon consideration of the motion for a new trial it is urged that the acquittal of defendant Sprague entitles appellant to a new trial upon the theory the verdict was inconsistent, citing Walker v. St. Louis-San Francisco R. Co., 214 Ala. 492, 108 So. 388.

"The proof shows that the oiling and cleaning of the floor was done by a porter and that it was the duty of the floorwalker to see that this work was properly done. It is manifest therefore that liability may be rested upon appellant on account of the negligence of employees other than Sprague, the manager, and that this contention is without merit."

Such is the case here. This for the reason that liability may be rested upon appellant, Louisville & Nashville Railroad Company, on account of the negligence of an employe other than Duncan, the conductor, and there was an appropriate count on which the verdict could be rested and judgment rendered.

We find no cause for granting the rehearing.

Opinion extended, application for rehearing overruled.

ANDERSON, C. J., and THOMAS, BROWN, and KNIGHT, JJ., concur.