99 So.2d 698

**Jack NEWMAN, d/b/a Ambulance Service**

v.

**Walter WHITE et al.**

**I Div. 728.**

Supreme Court of Alabama.

Oct. 24, 1957.

Rehearing Denied Jan. 23, 1958.

Irvin J. Langford, Mobile, for appellant.

Lyons, Pipes & Cook and Walter M. Cook, Mobile, for appellees.

**PER CURIAM.**

This is an appeal by plaintiff in a suit at law which was tried by the court without a jury. The testimony was taken before the judge trying the case. He rendered a judgment for defendant. The trial was had on the single count of the complaint.

Plaintiff's ambulance is alleged to have been damaged while being operated by plaintiff's agent in an emergency call on the highway. The damage is alleged to have proximately resulted from the negligence of the operator of the truck owned by defendant McLeod. The operator of the truck is alleged to have been defendant White, operating it as the agent of defendant McLeod while acting in the line and scope of his agency.

The complaint is in good **form**. It shows a duty on the part of the operator of defendant's truck not negligently to dam-

age the ambulance of plaintiff likewise using the public highway, which it had a right to do. Cooper v. Agee, 222 Ala. 334, 132 So. 173.

■ The defendant pleaded the general issue and contributory negligence. The pleas of contributory negligence were likewise in good form tested by Circuit Court Rule 37, Code 1940, Title 7 Appendix, pocket part, Code.

■ The primary question with us is whether the judgment for the defendant is contrary to the great weight of the evidence. Section 260, Title 7, Code; Norris v. Kelly, 249 Ala. 281(6), 31 So.2d 129.

Briefly stated, the accident occurred in the daytime while the ambulance and truck were traveling in opposite directions on a wet slick road. Immediately before the accident occurred the ambulance, in answering an emergency call, was traveling north on the east side of the road as was its duty. It had just passed a wrecker going in the same direction, but had pulled back into the east lane and was approaching an upgrade in the road. When the ambulance was several hundred feet from the crest of the hill, the truck was traveling south in the west lane approaching the crest of the hill at a moderate rate of speed. As soon as the truck driver could see over the crest of the hill he saw several cars ahead (about five car lengths away) stopped with their right wheels (front and back) off the paved roadway and on the shoulder. Upon seeing that condition of his lane of traffic he applied his brakes, which caused his rear wheels to skid on the wet slick pavement into the east lane of traffic and in front of the ambulance which was several hundred feet away. As soon as the ambulance driver saw that situation, he (acting on the spur of the moment) steered the ambulance to his right and partly off the paved roadway onto the shoulder. The truck continued to skid and went off the road and out of danger to the ambulance. After the truck had cleared the roadway, and the ambulance had passed on, the driver attempted

to steer the ambulance back on the paved roadway. But at the edge of the hard surface the back wheel of the ambulance at first failed to get on the roadway thus causing more pressure than if the edge had been flush with the shoulder, and when it did overcome such resistance the effect of doing so caused the ambulance to skid across the slick roadway and against some trees on that side of the road. The impact with the trees caused the damage to the ambulance which is the basis of this suit.

Do those facts justify a finding by the court (as by the verdict of a jury) that the driver of the truck was not negligent or that his negligence did not proximately cause the damage to the ambulance?

■ ■ The question of negligence is usually an inference from the facts, unless the conduct of the person charged was in the act of violating a rule of law enacted for the benefit of the injured party and was a proximate contributing cause of the damage. McCaleb v. Reed, 225 Ala. 564, 144 So. 28. The facts detailed above were without conflict insofar as we have stated them. The negligence of the truck driver must have been either in approaching the crest of the hill, over which he could not see, at a rate of speed which prohibited him from stopping on a slick road as soon as the obstruction in his lane of traffic was seen by him, or that he was negligent in not seeing the obstruction when it was in his power to do so; or that he could by the exercise of proper care and skill have steered his truck so as to avoid the obstruction without incurring danger to the ambulance. And if there was negligence of the truck driver, such negligence must have been the proximate cause of the skidding of the ambulance across the roadway and against the trees. The question at that point is whether the driving of the ambulance at that time and place was an efficient intervening proximate cause which insulated the conduct of the truck driver from the damage done to the ambulance? Louisville & Nashville R.

.Co. v. Maddox, 236 Ala. 594, 183 So. 849, 118 A.L.R. 1318; Watt v. Combs, 244 Ala. 31, 12 So.2d 189, 145 A.L.R. 667.

Those questions are all material upon the inquiry of whether the truck driver was negligent, and if so whether his negligence was a proximate cause of the damage to the ambulance. If the trial had been before a jury which had returned a verdict for defendant, we would not vacate it because not supported by the great weight of the evidence when the trial judge had overruled a motion for a new trial based on that ground.

We do not know whether the trial judge based his judgment (as the entry does not show) on a finding that the driver of the truck was not negligent or that his negligence did not proximately contribute to the damage, or found that plaintiff's driver was negligent which negligence also proximately contributed to the damage.

Both pleas of contributory negligence allege that there was a collision between the ambulance and the truck. That was shown not to have been the fact. We will not consider whether that is an immaterial variance which should be disregarded, for we think the judge was justified in finding that there was no negligence on the part of the truck driver which proximately contributed to the damage of the ambulance.

The judgment of the circuit court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and COLEMAN, JJ., concur.