Plaintiff Bogle brought suit against defendants Terry, Haynes, and Bolden. A later amendment added defendant Larry Terry Contractors, Inc. The jury verdict was for plaintiff against defendant Larry Terry Contractors, Inc., but the jury did not return a verdict against the other defendants. Larry Terry Contractors, Inc. appealed
Plaintiff's vehicle collided with a dump truck driven by defendant Haynes. At the time, Mr. Haynes was employed by defendant subcontractor Ussery Terry. Defendant Larry Bolden worked as a flagman for defendant Larry Terry Contractors, Inc., and was responsible for controlling highway traffic so that dump trucks could safely enter the highway from the construction site. The construction site, on the east side *Page 614 
of an overpass, could be seen by persons traveling from the west only after they had topped the bridge. Plaintiff crossed over the bridge and was unable to stop his truck before it collided with the corporate defendant's dump truck, which was entering the highway. Plaintiff filed suit, alleging that defendants negligently caused or negligently allowed the dump truck to collide with plaintiff's vehicle
The dispositive issue on appeal is whether the verdict can stand against defendant-employer, Larry Terry Contractors, Inc., when defendant-employee, Larry Bolden, was exonerated from personal liability. Appellant contends that the verdict is inconsistent under Alabama law, and after a careful review of the record, we agree
This Court, citing Walker v. St. Louis-San Francisco Ry. Co.,214 Ala. 492, 108 So. 388 (1926); Southern Ry. Co. vLockridge, 222, Ala. 15, 130 So. 557 (1930); and Hawkins vBarber, 231 Ala. 53, 163 So. 608 (1935), stated:
 The rule that prevails is that, when the principal and his agent are sued in joint action in tort for misfeasance or malfeasance of the servant, and his liability for the conduct of said servant is under the rule of respondeat superior, a verdict in favor of the servant entitles the master to have the verdict against him set aside
Louisville N.R. Co. v. Maddox, 236 Ala. 594, 600,183 So 849, 853 (1938). In the present case, appellees, contend there is evidence from which the jury could have found negligence on the basis of the acts of a non-joined defendant, thus supporting the verdict against appellant. We have, however, reviewed the record and particularly the pre-trial order, the evidence presented at trial, and the jury charge, and find that the record in the case supports appellant's contention that the only theory on which Larry Terry Contractors, Inc. was tried was one of respondeat superior. This being the case, a verdict against appellant would properly stand only if a verdict was rendered against employee Bolden
There are circumstances in which a principal may be liable where the agent is exonerated. Otts v. Gray, 287 Ala. 685,255 So.2d 26 (1971). That case, upholding a jury verdict for the agent but against the principal, was grounded on a theory other than vicarious liability, and the present case does not fall within its rule. The verdict against Larry Terry Contractors, Inc. is inconsistent under Alabama law and cannot stand
REVERSED AND REMANDED
FAULKNER, ALMON, EMBRY, and ADAMS, JJ., concur