This is an appeal by defendant Courtesy Ford Sales, Inc., from a judgment rendered on a jury verdict against it for alleged tortious or fraudulent misrepresentation in connection with the sale to the Clarks of a 1978 Winnebago.
The Clarks purchased the 1978 Elanden II Winnebago from Courtesy Ford Sales for an agreed price of $36,179.00. The purchase price was made up of the trade-in of an older recreational vehicle, some cash, some borrowed funds, and the payoff by *Page 1077 
Courtesy Ford Sales of the remaining financed balance of the old trade-in vehicle. The persons primarily involved in the sale were Pete Perry, salesman, and Glenn Cook, credit manager.
The vehicle had been received by Courtesy Ford Sales a few months earlier from the manufacturer. While it was being brought from the RV (recreational vehicle) sales lot to the main service garage for routine preparation, a driver/employee turned too sharply entering the garage and scraped the lower right rear side of the vehicle against the door frame of the building.
The exact extent of the damage caused by the collision was disputed, but it is undisputed that a fiberglas panel was replaced with a new panel. Other repair work, including touch-up paint work, was also performed, all at Courtesy Ford's service shop. The work was done at the direction of William Cochran, the general manager of Courtesy Ford Sales, by Dave Daniels, the recreational vehicle service manager. The vehicle was then sold as a new unit to the Clarks, who were not informed of the damage to the vehicle.
The Clarks experienced problems with the vehicle over a two-year period. After about two years, the Clarks were informed of the damage to the vehicle by Dave Daniels, who had since left the employment of Courtesy Ford Sales.
The Clarks then brought this action against Courtesy Ford Sales; Pete Perry, the salesman; and Glenn Cook, the credit manager. The case was tried only upon a fraud count. The jury returned a verdict of $4,000 compensatory and $50,000 punitive damages against Courtesy Ford Sales, but returned a verdict in favor of the two employees.
After denial of the defendant's motions for new trial, JNOV, and remittitur, Courtesy Ford Sales filed this appeal. We reverse.
Courtesy Ford first argues that the verdict, being in favor of the two individual defendants but against their corporate employer, is inconsistent and due to be set aside. Appellant cites as authority for this argument this Court's opinion inLarry Terry Contractors, Inc. v. Bogle, 404 So.2d 613 (Ala. 1981), wherein we held:
 "`The rule that prevails is that, when the principal and his agent are sued in joint action in tort for misfeasance or malfeasance of the servant, and his liability for the conduct of said servant is under the rule of respondeat superior, a verdict in favor of the servant entitles the master to have the verdict against him set aside.'"
404 So.2d at 614, quoting Louisville N.R. Co. v. Maddox,236 Ala. 594, 600, 183 So. 849, 853 (1938). In Larry TerryContractors, however, the case was tried solely upon a theory of respondeat superior. The Court recognized in that case that, in a case properly grounded on theories other than vicarious liability, a principal may be liable where the agent is exonerated (citing Otts v. Gray, 287 Ala. 685, 255 So.2d 26
(1971)). Such a case exists where the principal participated in the tort to such an extent that he may be considered a joint tortfeasor. Liability in such a case, whether grounded in negligence or for willful conduct, is joint and several. Butlerv. Olshan, 280 Ala. 181, 191 So.2d 7 (1966).
A judgment in favor of one of the tortfeasors operates as no defense to liability on the part of the other tortfeasors unless such others are liable only through the doctrine of respondeat superior. Brooks v. City of Birmingham, 239 Ala. 172,194 So. 525 (1940). In other words, on appeal our review is whether there exists any evidence from which the jury could infer concurrent participation by the corporate employer to render it a joint tortfeasor, and whether the case was given to the jury on the possibility of such a finding.
Both exist in the instant case. The record discloses testimony that the damage to the vehicle was known to several of the employees of Courtesy Ford Sales, including Dave Daniels and William Cochran, the general manager. Affirmative misrepresentation is not the only basis for fraud, which can also exist in the concealment of *Page 1078 
material facts for which there is a duty to disclose. Jim ShortFord Sales, Inc. v. Washington, 384 So.2d 83 (Ala. 1980); HallMotor Co. v. Furman, 285 Ala. 499, 234 So.2d 37 (1970).
Mr. Cochran's testimony that he thought the damage was minor and the replacement of parts at Courtesy Ford was done as skillfully as it could have been at the factory goes to the question of the materiality of the facts concealed and not the duty to disclose those facts. The materiality of the facts is a question for the jury, and we can only infer that the jury found the concealment of the damage to be material.
There is also evidence in the form of Mr. Cochran's testimony that Dave Daniels took part in the sale. Mr. Cochran testified that:
 "He [Daniels] on two different occasions came up to my office to tell me that he — and this is prior to actually consummating the sale — that he had convinced Mr. Clark to buy the motor home."
We think from this evidence that the jury could conclude that Courtesy Ford's involvement in the fraud went beyond the two individual defendants, Perry and Cook, so as to make the corporate employer a joint tortfeasor in the misrepresentation.
Further, the jury was properly instructed on this issue. The trial judge instructed the jury that they "may find against only one or two or three of the Defendants and you may find in favor of one or two or three of the Defendants."
For these reasons, the jury verdict against Courtesy Ford Sales but in favor of Perry and Cook is not inconsistent.
Courtesy Ford next argues that there was no evidence from which the jury could award punitive damages. Also, it says, if there was any such evidence, it was improper and inadmissible and constitutes reversible error. We agree.
In this jurisdiction, punitive damages are recoverable if the evidence establishes an intent to deceive or defraud. Big ThreeMotors, Inc. v. Smith, 412 So.2d 1222 (Ala. 1982). When a claim is made for punitive damages, proof of similar misrepresentations may be offered to show intent to deceive.Cooper Sons Motor Co. v. Klepsig, 24 Ala. App. 297,135 So. 427 (1930). The other fraudulent transactions, however, must be established by admissible evidence; mere rumor of fraud on the part of the party is not admissible evidence and cannot serve as a basis for finding fraud in a later transaction. ShelbyMutual Insurance Co. v. Ralston, 369 So.2d 285 (Ala.Civ.App. 1979).
In this case, Dave Daniels was allowed to testify concerning three other recreational vehicles that were damaged on the lot and repaired by him. The testimony of each instance was detailed and over proper objection of Courtesy Ford Sales. From this evidence the jury was asked to infer fraud in the sale of the vehicle to the Clarks, based upon other instances of similar frauds.
Mr. Daniels testified only that he had repaired other vehicles, but expressly stated that in each of these three other transactions, he knew nothing of the circumstances of the sale. Specifically, he testified:
 "Q. Mr. Daniels, they also, Courtesy Ford sells used units?
"A. Yes, sir.
 "Q. And you know absolutely nothing about the circumstances of the sales of these three other units, do you?
"A. I had nothing to do with sales at all.
 "Q. And so you are not even here, under all of this, trying to tell the jury that you know one thing about the sales of those units or whether the price was reduced or the customer said that's fine with me or anything else, do you?
"A. I don't know anything about them."
Mr. Daniels could not testify whether the damaged units were sold as new or used or whether the customers in each instance were informed of the damage to the vehicles. This evidence falls short of establishing fraud in similar transactions which is admissible to prove intent to defraud in the present transaction. It merely established that Courtesy Ford had sold repaired vehicles *Page 1079 
in the past. Whether it misrepresented to the purchasers that they were new is, at best, mere speculation.
That is not to say that there is no evidence in the record which would have supported the jury's award of punitive damages; neither can we say that the jury would have awarded punitive damages in the absence of the inadmissible evidence. We simply hold that the admission of this particular evidence was so tainted as to constitute reversible error.
Having found reversible error, we hold that the appellant is entitled to a new trial. So holding, we need not address the error vel non in the admission of certain other evidence. We, therefore, reverse and remand the cause for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.