United Steelworkers of America appeals from a judgment entered in favor of Michael D. O'Neal awarding $25,000 compensatory and $55,000 punitive damages. We reverse.
The sole issue to be considered is whether the evidence of record, based on any theory, supports a judgment against United Steelworkers of America while simultaneously absolving the codefendant and alleged agent, Jerry Steele, of any wrongdoing.
The following facts are relevant to our consideration: In August of 1977, the United Steelworkers of America met with representatives of Den-Tal-Ez Manufacturing Company in an attempt to negotiate a collective bargaining agreement. The union had been certified by the National Labor Relations Board as the production and maintenance employees' representative. Wiley Welborn acted as the union's spokesman during negotiations.
The talks broke down and on 3 February 1978 union members initiated a strike. They picketed the Del-Tal-Ez plant continuously until June 1978.
The plaintiff, Michael O'Neal, was not a member of the union, nor did he participate in the strike. Consequently, O'Neal was forced to cross the picket line at least twice daily. O'Neal claims that upon crossing the picket lines he was the subject of violence and threats of violence.
One evening, during the course of the strike, O'Neal's car was burned while parked outside his home. It is undisputed that Paul Kelsey, who was neither a union member nor a Den-Tal-Ez employee, burned the car. Kelsey testified, however, that he did so at the direction of Jerry Steele. *Page 103 
Steele is a union member and was an active participant in the strike. Steele denied giving Kelsey any instructions regarding the car.
O'Neal filed suit in the Circuit Court of Baldwin County seeking monetary damages. Steele and the United Steelworkers of America were named as defendants. O'Neal's complaint was based upon two theories: First, that Steele acted as an agent of the union in soliciting the destruction of O'Neal's car and under the doctrine of respondeat superior, both Steele and the union were liable; and second, that the union and union members entered into a conspiracy for the purpose of destroying O'Neal's vehicle. The jury returned a verdict against the United Steelworkers, but found in favor of Steele.
In a joint action in tort for misfeasance or malfeasance against an agent and his principal, where respondeat superior
is the sole basis of recovery, a verdict in favor of the agent works an automatic acquittal of the principal so that a verdict against him must be set aside. See Larry Terry Contractors,Inc. v. Bogle, 404 So.2d 613, 614 (Ala. 1981). O'Neal contends, however, that two other theories would support the verdict in the instant case.
First, O'Neal asserts that the jury could have attributed the acts of other non-joined parties to United Steelworkers under the doctrine of respondeat superior. To buttress this argument, O'Neal asserts that the union's failure to repudiate acts of violence, in addition to providing legal counsel for those charged with strike related misconduct, served as a ratification of the violence. We cannot agree.
For O'Neal to recover under such a theory he must show the union authorized or ratified acts of violence. N.A.A.C.P. v.Claiborne Hardware Co., 458 U.S. 886, 102 S.Ct. 3409, 3434,73 L.Ed.2d 1215 (1982). After a careful review of the entire record we must conclude that it is devoid of any evidence indicating the union authorized any violent acts. In fact, the record is replete with instances of union staff representative Wiley Welborn attempting to maintain an orderly strike.
Furthermore, the Supreme Court recently rejected the notion that providing legal representation for members of an association constitutes ratification of their actions. Id., at102 S.Ct. 3435 n. 78. Lastly, "[a] legal duty to `repudiate' — to disassociate oneself from the acts of another — cannot arise unless, absent the repudiation, an individual could be found liable for those acts." Id., at 3432 n. 69. Under the facts of this case, clearly, United Steelworkers had no legal duty to repudiate the strike, nor the violent acts of Paul Kelsey.
O'Neal contends the jury could have found a conspiracy between the union and non-joined union members to "enforce" the strike through violence. There is no evidence of record, however, showing the union and union members agreed to use unlawful means to carry out their objective. Id., at 3437.
We hold the verdict against the United Steelworkers of America is inconsistent with a verdict in favor of Steele, and cannot stand. Accordingly, the judgment entered by the trial court is due to be and is hereby reversed and this case remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur. *Page 104