ROBERTSON, Presiding Judge.
The facts of the instant case are as follows: On December 27, 1989, a building inspector for the City of Guntersville (city) issued a building permit to Crowley Cellular Telecommunications Huntsville, Inc., (Crowley) for the construction and operation of a telecommunications tower on property leased by Crowley. On March 2, 1990, approximately 65 days later, Erin Baker (owner of the neighboring property) attempted to file a notice of appeal to the chairman of the Board of Adjustment of the City of Guntersville (board), contesting the issuance of the permit to Crowley.
*342 On March 6, 1990, the attorney for the city informed Baker that the appeal was not timely filed pursuant to Article 14 of the Zoning Ordinance of the city and, therefore, could not be considered by the board. The provision in pertinent part is as follows:
“14-5. Appeals
“Appeals to the Board of Adjustment may be taken by any person aggrieved ... by any decision of the administrative officer. Such appeal shall be made within thirty (SO) days after rendition of the order, requirement, decision or determination appealed from in writing to the Board of Adjustment and file same, and two (2) copies of supporting facts and data with the Building Inspector [sic].”
(Emphasis added.)
Baker then filed a lawsuit in the Circuit Court of Marshall County against the city. The case was subsequently dismissed because the trial court found that Baker did not exhaust her administrative remedies. Baker did not appeal this decision, but rather filed the present petition for a writ of mandamus in the circuit court. The board filed an answer to the petition, which in part stated:
“1. Defendant Board has no jurisdiction of Plaintiff’s appeal from the December 27, 1989, decision of the Building Inspector of the City of Guntersville, Alabama (herein referred to as the ‘Building Inspector’) issuing the Building Permit in question (herein referred to as the ‘Building Permit’) because:
“a. As affirmatively shown under oath on the face of Plaintiff’s appeal from the decision of the Building Inspector to the Defendant Board [the appeal] was not perfected within the requisite thirty (30) day appeal time in accordance with Section 14-5 of the Zoning Ordinance of the City of Gun-tersville. ...
[[Image here]]
“2. Assuming arguendo that Defendant Board has jurisdiction to consider Plaintiff’s appeal of issuance of the Building Permit, which assumption Defendant Board expressly denies, Defendant Board will not waive the requisite thirty (30) day appeal time.”
The board’s answer continues, and in great detail gives six reasons why the board will not waive the thirty-day appeal time.
The trial court granted Baker’s petition for a writ of mandamus and directed the board “to render a decision in the matter on appeal” to the board.
The dispositive issue is whether, in light of the untimeliness of Baker’s notice of appeal, the letter sent to Baker informing her that her appeal was not timely, and the detailed answer filed by the board in response to Baker’s petition, the trial court erred in granting the writ of mandamus.
Mandamus is an extraordinary writ which may not properly issue unless the petitioner has a clear legal right to the relief sought; there is an imperative duty upon the respondent to perform, accompanied by a refusal to do so; there is no other adequate remedy available; and the jurisdiction of the court has been properly invoked. C & G Development v. Planning Commission of the City of Homewood, 548 So.2d 451 (Ala.1989).
Here, the record is clear that Baker did not file a notice of appeal within the thirty-day time limit set out in the Zoning Ordinance and that Baker was notified of her untimeliness. Furthermore, the answer to the petition for relief sets out, among other things, that the jurisdiction of the board to hear the appeal was not properly invoked. Therefore, we find that the trial court erred in granting Baker’s petition for a writ of mandamus directing the board “to render a decision,” and its judgment is due to be reversed.
This case is due to be reversed and remanded with directions to the trial court to enter an order vacating the writ of mandamus.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.