The plaintiff, Brad Broadus, d/b/a Grand Bay Construction Company ("Broadus"), appeals from a summary judgment for the defendants, The Insurance House and Essex Insurance Company ("Essex"). We affirm.
The following material facts are undisputed: Broadus contacted his insurance agent, Jim Van Antwerp, and requested that he procure certain coverage for Broadus's company. Van Antwerp, who owns an independent retail insurance agency and does business with many insurance companies and brokers, contacted The Insurance House. The Insurance House, an independent wholesale insurance broker that assists agents, such as Van Antwerp, in finding insurance companies that provide the kind of coverage needed by the agent's customers, then contacted Essex, which agreed to provide coverage for Broadus. The sole function of The Insurance House with regard to this transaction was to act as an intermediary between Van Antwerp and Essex. The Insurance House obtained information from Van Antwerp concerning the kind of coverage that Broadus wanted and relayed it to Essex. Essex then informed Van Antwerp, through The Insurance House, that it would issue a policy to Broadus on certain terms. Van Antwerp relayed that information to Broadus, who agreed to accept the coverage. Van Antwerp collected the premium, deducted his commission from it, and forwarded the remainder to The Insurance House. The Insurance House, which had the limited authority to bind the coverage under the terms set by Essex, deducted its commission from the amount that it received from Van Antwerp and sent the balance of the *Page 260 
premium to Essex. During the term of the policy, The Insurance House continued in its role as an intermediary between Van Antwerp and Essex, passing information back and forth. The Insurance House is not an insurance company and it had no direct contact with Broadus. Van Antwerp was not employed by The Insurance House as a soliciting agent; he served, instead, as an agent for Broadus.
After Essex denied a claim filed by Broadus, based on an exclusion contained in the policy, Broadus sued Van Antwerp; Van Antwerp's agency; The Insurance House; and Essex, seeking damages for breach of contract, fraud, and bad faith refusal to pay an insurance claim. The trial court entered a summary judgment for The Insurance House and Essex and certified that judgment as final, pursuant to Rule 54(b), Ala.R.Civ.P. Broadus's claims against Van Antwerp and his agency remain pending below.
The summary judgment was proper in this case if there was no genuine issue of material fact and The Insurance House and Essex were entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. The burden was on The Insurance House and Essex to make a prima facie showing that no genuine issue of material fact existed and that they were entitled to a judgment as a matter of law. If that showing was made, then the burden shifted to Broadus to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him. In determining whether there was a genuine issue of material fact, we must view the evidence in the light most favorable to Broadus and must resolve all reasonable doubts against The Insurance House and Essex. Knight v. Alabama PowerCo., 580 So.2d 576 (Ala. 1991). Because this case was not pending on June 11, 1987, the applicable standard of review is the "substantial evidence" rule. See Ala. Code 1975, § 12-21-12.
After carefully studying the record and the briefs in this case, we conclude that the summary judgment was proper. Broadus's "theory of the case" is basically this: The Insurance House, he says, exercised or reserved the right to exercise control over the manner in which Van Antwerp ran his agency, and therefore is vicariously liable under the doctrine of respondeat superior for any misrepresentations that Van Antwerp may have made to Broadus concerning the extent of coverage under the Essex policy.[1] In turn, the theory goes, Essex is liable under general agency law because, according to Broadus, The Insurance House dealt with Van Antwerp as Essex's general agent. The basic problem with this theory, as the trial court found, is that it has no evidentiary support. Whether Van Antwerp had an agency relationship with The Insurance House when he dealt with Broadus so that The Insurance House could be vicariously liable for Van Antwerp's actions depends on whether The Insurance House reserved the right to control the manner in which Van Antwerp ran his agency. Land Associates, Inc. v.Simmons, 562 So.2d 140 (Ala. 1989). The record shows that The Insurance House had no right to, and did not, control Van Antwerp. Van Antwerp acted at all times as an independent insurance agent or broker on behalf of Broadus. The Insurance House acted as an independent wholesale insurance broker, passing information upon request between Van Antwerp and Essex. As we stated in Land Associates, Inc. v. Simmons, supra, at 144, "the right to determine if an alleged agent is conforming to the requirements of a contract does not, in itself, establish control." Van Antwerp and The Insurance House merely cooperated with each other so as to secure insurance coverage for Broadus. By passing information between Essex and Van Antwerp and performing certain administrative duties in connection with the policy on behalf of Essex, The Insurance House did not create the kind of relationship with Van Antwerp that would subject it to liability under the doctrine of respondeat superior. *Page 261 
When an independent agent or broker, such as Van Antwerp, fails to procure insurance coverage for his principal (here Broadus), the principal may sue either for a breach of contract or in tort. See Washington National Ins. Co. v. Strickland,491 So.2d 872 (Ala. 1985). As previously noted, Broadus's claims against Van Antwerp remain pending below. However, based on the undisputed facts in the present case and because Van Antwerp and The Insurance House acted independently of each other, The Insurance House is not liable for fraud under the doctrine of respondeat superior. It follows, of course, that Essex cannot be liable under Broadus's theory of the case if The Insurance House is not liable. Therefore, we need not determine whether The Insurance House was a general agent for Essex. The judgment is due to be affirmed on the authority of Land Associates,Inc. v. Simmons and Washington National Ins. Co. v. Strickland.
AFFIRMED.
MADDOX, ADAMS, STEAGALL and INGRAM, JJ., concur.
HORNSBY, C.J., and SHORES and KENNEDY, JJ., dissent.
[1] Broadus does not argue that the summary judgment was improper with respect to his breach of contract and bad faith claims. Therefore, our review is limited to the only issue presented on appeal — whether the summary judgment was proper as to the fraud claim.