SAM A. BEATTY, Retired Justice.
Gregory B. Calhoun, individually and d/b/a Tuskegee Big Bear (“Calhoun”), appeals from a summary judgment entered in favor of Pennsylvania National Mutual Casualty Insurance Company, Inc. (“Penn National”), and Escambia Insurance Agency (“Escam-bia”). The controversy between the parties stems from an automobile accident in 1989 involving vehicles driven by Marcia Gosha and Isaac Julkes. Gosha later filed a dram shop action against Calhoun. Calhoun ultimately received a summary judgment in that lawsuit.
At the time of Gosha’s accident, Calhoun’s Big Bear grocery store, through which Gosha alleged alcohol had been sold to Julkes, was insured by a liability insurance policy sold by Randall Turner and issued by Penn National. Turner had affiliations with Jinright-Turner Insurance Agency (“Jinright-Turner”) and *1333 with Escambia. Penn National denied coverage on the basis that the insurance policy issued to Calhoun did not cover liquor liability, and filed a declaratory judgment action in a federal district court. During the pen-dency of the declaratory action, Calhoun filed no counterclaims against Penn National relating to the policy’s coverage or to its sale, or alleging fraud, misrepresentation, or bad faith against Penn National. Calhoun’s answer did raise, as affirmative defenses, negligence in the issuance of the policy and misrepresentation as to the extent of coverage. Penn National and Calhoun entered into a joint stipulation of dismissal in the federal lawsuit after the summary judgment in Calhoun’s favor was entered in the Gosha lawsuit, and the federal ease was dismissed with prejudice in July 1992.
In December 1992, Calhoun filed the present action against Penn National, Turner, Escambia, and J inright-Tur ner. Calhoun alleged negligence, wantonness, and fraud against all defendants; negligent failure to supervise against Penn National, Escambia, and Jinright-Turner; and bad faith, breach of contract, and the tort of outrage against Penn National only. Penn National and Es-cambia filed motions for summary judgment. After the trial court entered a summary judgment in favor of Penn National and Es-cambia, Turner and Jinright-Turner entered into a settlement agreement with Calhoun. Calhoun appealed from the summary judgment for Penn National and Escambia. Turner and Jinright-Turner are not parties to this appeal.
Calhoun first argues that the summary judgment was improper because the doctrine of res judicata did not bar his state court action against Penn National. Calhoun contends that the claims he could have filed as counterclaims in the federal action would have been permissive counterclaims, not compulsory ones; that the fact that he could have filed certain permissive counterclaims in a federal declaratory judgment action that was dismissed without a hearing on the merits will not bar the presentation of those claims in a subsequent lawsuit in which they are raised against the party that had been the plaintiff in the federal declaratory judgment action (and others); and that the trial court therefore erred in entering the summary judgment. He argues that the federal court made no adjudication on the merits, and that, therefore, the trial court in this present action should have ruled that the claims he now attempts to present were not barred by the doctrine of res judicata or the doctrine of collateral estoppel. Calhoun relies on Grow Group, Inc. v. Industrial Corrosion Control, Inc., 601 So.2d 934 (Ala.1992), in which our supreme court refused to bar a subsequent state court action between certain parties that had earlier been parties in a federal action.
Penn National contends that all of the claims brought by Calhoun in this state court action were necessary, compulsory counterclaims that should have been brought in the federal declaratory judgment action, and that Calhoun’s failure to pursue those claims in that federal action resulted in their waiver. Both Rule 13(a), Ala.R.Civ.P., and Rule 13(a), Fed.R.Civ.P., require a party to file as a counterclaim “any claim ... the pleader has against any opposing party” that arises out of the same transaction or occurrence involved in the opposing party’s claim. The Committee Comments to Rule 13, Ala.R.Civ. P., state that a “counterclaim is compulsory if there is any logical relation of any sort between the original claim and the counterclaim.” Furthermore, Alabama caselaw holds that coverage-related claims by an insured against a carrier are compulsory counterclaims to a declaratory judgment action based on the insurance policy. See, e.g., Ex parte Canal Ins. Co., 534 So.2d 582, 584 (Ala.1988). “ ‘We know of no reason that [Ala.R.Civ.P.] 13(a) is not applicable to declaratory judgment actions. The very essence of that prior suit was the adjudication of the rights of the parties with respect to the insurance coverage.’” (Quoting Safeco Ins. Co. of America v. Sims, 435 So.2d 1219, 1222 (Ala.1983)). In Canal Ins., after the carrier had filed a federal declaratory judgment action, the insured, Sparks, filed a complaint in a state court alleging claims of bad faith, fraud, breach of contract, and the tort of outrage on the part of the carrier. Our supreme court held that Sparks’s state court claims were compulsory counterclaims to the *1334 federal declaratory judgment action. Likewise, the claims Calhoun asserted in this state court action were compulsory counterclaims that he was required to file in Penn National’s federal declaratory judgment action.
Penn National maintains that Calhoun’s unasserted compulsory counterclaims are now barred, even though the federal action was dismissed and not fully litigated. We agree. A dismissal of an action with prejudice constitutes an adjudication on the merits that bars any subsequent litigation. Baker v. Guntersville, 600 So.2d 280 (Ala.Civ.App.1992). See also Chapman v. Aetna Fin. Co., 615 F.2d 361, 362 n. 2, 363 n. 4 (5th Cir.1980) (the dismissal of an action with prejudice constitutes a conclusive disposition tantamount to a final adjudication on the merits, and operates to bar further litigation as to unasserted compulsory counterclaims). In Grow Group, upon which Calhoun relies, the claims later brought in the state court action and allowed by our supreme court had been dismissed without prejudice in the federal action.
The elements of res judicata are: “(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) substantial identity of the parties, and (4) the same cause of action presented in both suits.” Baker, 600 So.2d at 282. The dismissal of Penn National’s declaratory judgment action with prejudice constituted a prior judgment on the merits that barred any claim that was adjudicated or that could have been adjudicated in that action, including the compulsory counterclaims.
Calhoun also argues that the summary judgment was improper because he presented sufficient evidence to create a genuine issue of material fact. Because Calhoun’s claims against Penn National are barred by res judicata, it is not necessary for us to address Calhoun’s argument relative to Penn National. We must, however, address that argument as it relates to Escambia. Escam-bia was not a party to the federal declaratory judgment action, and, therefore, the principles of res judicata and collateral estoppel are not applicable to it.
Our standard for reviewing a summary judgment is well settled. The summary judgment for Escambia was proper if there was no genuine issue of material fact and Escambia was entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. Es-cambia had the burden of making a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. Long v. Jefferson County, 623 So.2d 1130 (Ala.1993). If it made that showing, then the burden shifted to Calhoun to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him. Id. In deciding whether there was a genuine issue of material fact, we view the evidence in the light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Id. The applicable standard of review is the “substantial evidence” rule. § 12-21-12, Ala.Code 1975. “Substantial evidence” is defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Calhoun argues that a material question of fact existed in this case regarding the extent of Turner’s agency. Escambia contends that Turner was not its agent in any way, but, instead, that its only contact with any of the other parties in this case was as a conduit through which Calhoun’s application was forwarded from Jinright-Turner to Penn National and the policy returned from Penn National to Jinright-Turner. Escambia relies upon Broadus v. Essex Ins. Co., 621 So.2d 258 (Ala.1993). In Broadus, the plaintiff had requested that his insurance agent obtain insurance coverage for his company. The agent contacted The Insurance House, an independent wholesale insurance broker, similar to Escambia. The Insurance House contacted Essex Insurance Company, which agreed to provide coverage for Broadus. After Essex denied a claim submitted by Broa-dus, he sued his agent and his agency, The Insurance House, and Essex. Regarding The Insurance House, Broadus argued that it *1335 was liable under the doctrine of respondeat superior for any misrepresentations made by the agent concerning the extent of Broadus’s insurance coverage. Our supreme court held that whether The Insurance House could be vicariously liable for the agent’s actions depended on whether The Insurance House had reserved the right to control the manner in which the agent ran his agency. The record showed that The Insurance House had acted at all times as an independent wholesale insurance broker, passing information upon request between the agent and Essex. The court held that The Insurance House’s passing information between Essex and the agent and its performing certain administrative duties had not created the kind of relationship with the agent that would subject it to vicarious liability.
After reviewing the record, we conclude that Calhoun did not present substantial evidence that Escambia had any control over Turner or over the manner in which he ran Jinright-Turner. In the absence of a genuine issue of material fact regarding an alleged agency relationship between Escambia and Turner, the trial court properly entered the summary judgment in favor of Escambia.
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.