Crete Carrier Corporation appeals from a judgment entered on a jury verdict for Delores Kelly Adair. Adair had sued Crete and Terry Lee Hicks, a tractor-trailer driver for Crete. Adair alleged that Hicks had negligently or wantonly operated a truck owned by Crete and had thereby caused it to collide with the motor vehicle Adair was driving. Adair also alleged that Crete had negligently entrusted the truck to Hicks. At the close of Adair's evidence, Crete moved for a judgment as a matter of law (JML) on the claims alleging negligence and wantonness. The trial court granted the motion as to the wantonness claim. At the conclusion of all the evidence, Adair dismissed her negligent-entrustment claim. She also requested that the trial court dismiss Hicks as a defendant, without prejudice. After Crete objected to a dismissal without prejudice, the trial court dismissed Hicks with prejudice. Crete then moved for a JML on the respondeat superior claim still remaining against it. The trial court denied this motion and sent the case to the jury, which returned a verdict for $13,243.22 in compensatory damages. Crete moved for a postverdict JML, which was also denied, and it then appealed.
Crete argues that the dismissal of its employee with prejudice worked as an adjudication on the merits exonerating its employee, which, in turn, entitles it to a judgment as a matter of law on the issue of its liability under the theory of respondeat superior. Although it admits that questions of fact surrounding the accident exist, it states that the question whether it was entitled to a JML is a pure question of law to be reviewed de novo. See Beavers v. County of Walker, 645 So.2d 1365, 1372
(Ala. 1994). Crete cites Barlow v. Liberty Nat'l Life Ins. Co.,708 So.2d 168, 173 (Ala.Civ.App. 1997), in support of its argument that it was entitled to a JML.
In Barlow, this court held that the dismissal of an insurance agent with prejudice entitled the insurer for which he worked to a directed verdict on the respondeat superior claims based on that agent's actions.Barlow, 708 So.2d at 173.
 "Rule 41, Ala.R.Civ.P., governs the voluntary dismissal of actions and the dismissal of defendants. Hope Developers, Inc. v. Vandiver, 582 So.2d 1073
(Ala. 1991). `A dismissal of an action with prejudice constitutes an adjudication on the merits that bars any subsequent litigation.' Calhoun v. Pennsylvania Nat'l Mutual Casualty Ins. Co., 676 So.2d 1332, 1334
(Ala.Civ.App. 1996) (citations omitted).
"Our supreme court has held as follows:
 "`"[W]hen [a] principal and his agent are sued in [a] joint action in tort for misfeasance or malfeasance on the part of the servant, and his liability for the conduct of said servant is under the rule of respondeat superior, a verdict in favor of the servant entitles the master to have the verdict against him set aside."'
 "Larry Terry Contractors, Inc. v. Bogle, 404 So.2d 613, 614 (Ala. 1981) (quoting Louisville N.R. Co. v. Maddox, 236 Ala. 594, 600, 183 So. 849, 853 (1938))."
Id.
Based on our holding in Barlow, we agree that Crete was entitled to a judgment as a matter of law on Adair's claim seeking to impose vicarious liability on Crete for Hicks's conduct. Therefore, we reverse the judgment of the trial court and render a judgment for Crete. *Page 431 
REVERSED AND JUDGMENT RENDERED.
Yates, Monroe, and Thompson, JJ., concur.
Robertson, P.J., dissents.