978 So.2d 692 (2007)
H&S HOMES, L.L.C.
v.
John McDONALD.
1051556.
Supreme Court of Alabama.
July 6, 2007.
Rehearing Denied August 24, 2007.
David L. Selby II and Jon M. Hughes of Kee & Selby, LLP, Birmingham; and Steven J. Kyle of Bovis, Kyle & Burch, LLC, Atlanta, Georgia, for appellant.
Michael S. Harper, Tallassee; and Frank H. Hawthorne, Jr., of Hawthorne & Myers, LLC, Montgomery, for appellee.
PER CURIAM.
H&S Homes, L.L.C. ("H&S"), appeals from a judgment awarding John McDonald compensatory and punitive damages in McDonald's action against H&S alleging fraud, conversion, and wantonness. We reverse the judgment for McDonald and render a judgment for H&S.
In January 2000, John McDonald and his wife, Christina, purchased a manufactured home from H&S. The McDonalds subsequently sued H&S and its agents, Linda Wilson Williams and Russ D'Olympio, asserting various claims, including fraud, conversion, and wantonness. H&S and D'Olympio moved to compel arbitration of the McDonalds' claims, and the trial court granted the motion as to Christina's claims, but denied the motion as to John's claims. H&S and D'Olympio appealed, and this Court affirmed the trial court's order. H&S Homes, L.L.C. v. McDonald, 823 So.2d 627 (Ala.2001). After an arbitration hearing, the arbitrator awarded Christina $500,000. H&S appealed, and we affirmed that award. H&S Homes, L.L.C. v. McDonald, 910 So.2d 79 (Ala. 2004).
*693 John McDonald's claims of fraud, conversion, and wantonness against H&S were tried before a jury, and the jury returned a verdict against H&S for $40,000 in compensatory damages and $400,000 in punitive damages. H&S filed a motion for a judgment as a matter of law or, in the alternative, for a new trial or a remittitur. The trial court denied the post-judgment motion, and H&S appealed.
When our review of a ruling on a motion for a judgment as a matter of law involves a question of law, we indulge no presumption of correctness as to the trial court's ruling. Myrick v. Barron, 820 So.2d 81, 83 (Ala.2001). Of course, "`[t]his Court is limited to a review of the record, and the record cannot be changed, altered or varied on appeal by statements in briefs of counsel.'" Burkes Mech., Inc. v. Ft. James-Pennington, Inc., 908 So.2d 905, 911 (Ala.2004)(quoting Wal-Mart Stores, Inc. v. Goodman, 789 So.2d 166, 176 (Ala. 2000)). In other words, "[f]acts not of record will not support a judgment." Ex parte Brooks, 897 So.2d 1017, 1021 (Ala. 2004).
H&S alleges, and McDonald does not dispute, that McDonald's claims against H&S were based entirely upon the actions of H&S's agents and codefendants, Williams and D'Olympio. However, the only claims submitted to the jury were McDonald's wantonness, fraud, and conversion claims against H&S. Consequently, the threshold issue in this case is whether the agents were dismissed without prejudice before the claims against H&S were submitted to the jury.
After the agents answered McDonald's complaint, they could have been dismissed by McDonald in only two ways. First, McDonald could have dismissed them "by filing a stipulation of dismissal signed by all parties who [had] appeared in the action." Rule 41(a)(1)(ii), Ala. R. Civ. P. Second, they could have been "dismissed at [McDonald's] instance . . . upon order of the court." Rule 41(a)(2).
H&S argues that the agents were never dismissed from this action, pointing out "that no stipulation or order of dismissal appears in the record, nor was any motion to dismiss without prejudice ever made." H&S's reply brief, at 3. McDonald, on the other hand, steadfastly maintains that the agents were dismissed without prejudice before trial. Based upon the record before this Court in this appeal, we must agree with H&S.
The record does not contain a stipulation for the dismissal of the agents. Also, the record does not contain an order dismissing the agents. In fact, the record does not reflect that McDonald, by formal motion or otherwise, sought to dismiss his claims against the agents. Although McDonald may have, in effect, abandoned his claims against the agents before trial, he did not obtain their dismissal without prejudice in either of the only two ways allowed by Rule 41.[1] Thus, we must consider the effects, if any, of the omission of the claims against the agents from the trial court's oral charge to the jury.
It is clear that "[t]he omission of the claims against [the agents] from the jury charge was tantamount to a [judgment as a matter of law] for [the agents] and against [McDonald]." Alfa Life Ins. Corp. v. Jackson, 906 So.2d 143, 153 (Ala. 2005).

*694 "[I]f, in a case of claims to be tried by a jury, . . . the trial court does not of record formally reserve or sever a claim for separate disposition, the omission of that claim from the judgment actually entered will be deemed a judgment on the merits of that claim adverse to the claimant."
Jackson, 906 So.2d at 153. Thus, although H&S has been held vicariously liable for the torts of its agents, the agents have been exonerated on the merits as a matter of law.
The procedural posture of this case makes it impossible for McDonald to recover from H&S. The adjudication on the merits in favor of the agents exonerated H&S from vicarious liability for the agents' torts and entitled H&S to a judgment as a matter of law. Jackson, 906 So.2d at 154-55. Therefore, the judgment of the trial court is reversed, and a judgment is rendered for H&S.
REVERSED AND JUDGMENT RENDERED.
SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
COBB, C.J., and MURDOCK, J., dissent.
COBB, Chief Justice (dissenting).
The record contains the following statement by the trial court in its order of June 14, 2006, addressing H&S's motion for a judgment as a matter of law or, in the alternative, for a new trial:
"[H&S] argues that because the jury was not charged as to the employees [Linda Wilson Williams and Russ D'Olympio], there was, in effect, an adjudication in favor of the employees. Thus, there can be no finding against [H&S] since there was no wrongdoing on the part of the employees. Alfa Life Ins. Corp. v. Jackson, 906 So.2d 143 (Ala.2005).
"[H&S's] argument assumes that the case proceeded against all three Defendants. However, it was abundantly clear to all the parties that Williams and D'Olympio had been dismissed prior to the trial. When the Court conducted voir dire, it explained to the prospective jurors who the parties were. No mention was made of the employee defendants by the Court and no party interrupted to suggest that Williams and D'Olympio were still litigants. The claims against them were not recorded or severed. In light of Jackson, the Court and the litigants should have exercised more care in recording the status of the employee defendants.
"Unlike the situation in Jackson, however, this Court never declared that the employee defendants were dismissed `with prejudice.' Instead, the situation is identical to the one referenced in Oswalt v. Scripto, Inc., 616 F.2d 191 (5th Cir. 1980). [John McDonald] dismissed both Williams and D'Olympio prior to trial without objection. The dismissal was, in substance, one without prejudice. It was never suggested by the Court or any litigant that the dismissal was with prejudice."
Thus, I respectfully disagree with the conclusion in the majority opinion that the record does not contain any indication that the claims against the two agents were dismissed. My examination of the record shows nothing that contradicts the trial court's statement above that it was "abundantly clear to all the parties" that the agents had been dismissed. Rather, it appears that H&S presented its case through the entry of the verdict by the jury without mentioning the absence of its agents from the proceeding and then asserted, after the verdict was returned *695 against it, that its agents had not, in fact, been dismissed. Finally, it is particularly noteworthy that H&S argues the technical lack of a formal stipulation of dismissal of the agents without challenging the trial court's statement that all the parties to the litigation understood that the agents had been dismissed.
Further, I note that this case is not analogous to the situation in Alfa Life Insurance Corp. v. Jackson, 906 So.2d 143 (Ala.2005), in which this Court determined that the claims against the agent had been dismissed with prejudice. It is also noteworthy that the Court in Jackson recognized, as did the trial court here, that a trial court's statement  as opposed to a formal stipulation in strict compliance with Rule 41, Ala. R. Civ. P.  that certain parties had been dismissed could have effect:
"[W]e acknowledge Oswalt v. Scripto, Inc., 616 F.2d 191, 195 (5th Cir.1980):
"`Nor are we deterred from finding a stipulated dismissal by the fact that there is no formal stipulation of dismissal entered in the record by the Oswalts or Scripto. This court approved a district court's finding that an oral dismissal of claims against defendants in the course of a trial was sufficient to constitute a dismissal under Rule 41(a)(1) [, Fed.R.Civ. P.,] even though there was no formal dismissal or stipulation filed with the clerk. Harkless v. Sweeny Independent School District of Sweeny, Texas, 554 F.2d 1353, 1360 (5th Cir.1977), aff'g in part, 388 F.Supp. 738, 749 (S.D.Tex.1975). The Tenth Circuit in Pipeliners Local [Union No. 798, Tulsa, Oklahoma v. Ellerd, 503 F.2d 1193 (10th Cir.1974),] has found that a verbal stipulation of dismissal in open court sufficed for the purpose of Rule 41(a)(1)(ii). Compare, [Battle v.] Municipal Housing Authority for the City of Yonkers, [53 F.R.D. 423 (S.D.N.Y.1971)].'
"We rely only tentatively and partially on Oswalt, as we would prefer compliance with Rule 58, for all of the virtues and benefits of following the rules."
Jackson, 906 So.2d at 153-54 (emphasis added). I do not view the situation here as akin to the situation in Poston v. Gaddis, 372 So.2d 1099 (Ala.1979), where an outstanding counterclaim was deemed to have been disposed of adversely to the claimant in a final judgment when the proceedings never acknowledged the existence of the counterclaim. The holding of the Court in Poston concerning that claim was as follows:
"It is thus we conclude that when no evidence is presented concerning a claim, the court's oral charge to the jury makes no mention of such claim and judgment is rendered on all other issues presented and covered by the oral charge, then the judgment will be considered a final judgment as to all issues. . . . On the other hand, if a claim is to be adjudicated in a separate proceeding, the record must reflect an order of severance or an order for a separate trial entered prior to judgment. . . . In the absence of such an order in this situation, the judgment will be deemed a final judgment on all issues pleaded and any claims which are not specifically disposed of in the judgment will be deemed to have been rejected or denied."
372 So.2d at 1101 (emphasis supplied). In light of that holding in Poston, the Court in Jackson stated:
"Thus, if, in a case of claims to be tried by a jury, like the case now before us, the trial court does not of record formally reserve or sever a claim for separate disposition, the omission of that claim from the judgment actually entered will *696 be deemed a judgment on the merits of that claim adverse to the claimant."
906 So.2d at 153. I emphasize that the holding in Poston, limited to the situation of a counterclaim that was not addressed, is not the situation in this case and does not call for the broad application of the statement in Jackson noted above, particularly in light of the trial court's statement on the record that the agents had been dismissed.
Moreover, even if that statement in Jackson is applied to this case, it does not follow that a judgment as a matter of law for the agents invalidates the judgment of liability against H&S based upon the jury's verdict. The plain purpose of a rule that claims not adjudicated are deemed disposed of adversely to the claimant is to bar the relitigation of such claims, based upon the presumption that a trial court's judgment addresses all the claims before the court. Dutton v. Chester F. Raines Agency, Inc., 475 So.2d 545 (Ala.1985); M.C. Dixon Family P'ship, LLLP v. Envision Props., LLC, 911 So.2d 711, (Ala.Civ.App. 2005); and Horwitz v. Horwitz, 897 So.2d 337 (Ala.Civ.App.2004). See generally 50 C.J.S. Judgments § 539 (2007), and 46 Am. Jur.2d Judgments § 74 (2007). The fact that the agents in this action are properly protected from relitigation does not require the invalidation of the jury's verdict against H&S. The jury in this case determined that H&S was liable as a result of its agents' misconduct, and the agents in this case are entitled to a judgment as a matter of law because the claims against them were not sent to the jury. That is, the agents have obtained a judgment on the merits because of a legal principle embodied in the statement in Jackson that presumes that the trial court's judgment resolves all the claims in the action. The effect of that legal presumption is not an adjudication of the facts of the agents' misconduct on behalf of H&S. I believe that the majority wrongfully reverses the judgment entered on this jury verdict, and I dissent.
MURDOCK, Justice (dissenting).
After careful consideration of this Court's prior decisions and the circumstances presented in this case, I am compelled respectfully to dissent. Although I largely agree with Chief Justice Cobb's dissenting opinion, I write separately to more fully explain my views, including why this Court should revisit its decision in Alfa Life Insurance Corp. v. Jackson, 906 So.2d 143 (Ala.2005).
I begin by noting that the record in this case does in fact reflect that, although the complaint named certain agents of H&S Homes, L.L.C. ("H&S"), as defendants, all parties understood from before the trial that the plaintiff, John McDonald, would not be pursuing any claims against H&S's agents. Among other things, the trial court's pretrial order describes the only parties as being McDonald and H&S. Further, the transcript of the jury-charge conference clearly reflects that McDonald was pursuing no claims against H&S's agents. Accordingly, the jury was not asked to, and therefore did not, render a verdict either for or against H&S's agents on any claim alleged against them in the complaint.
Nonetheless, because McDonald prosecuted his case to a conclusion, obtaining a verdict on his claims against H&S, without ever obtaining a formal dismissal of the claims against H&S's agents set out in the complaint, it is understandable that our law would impose a judgment "with prejudice" that would bar McDonald from ever again pursuing his claims against H&S's agents. Obviously, however, this does not mean there has been a true factual finding that H&S's agents did not in fact commit *697 the underlying tortious acts. To the contrary, the jury heard all the evidence and found as a factual matter that the elements necessary to hold H&S liable, including the commission of the underlying acts by H&S's agents, were indeed proven.
If what we had before us was a subsequent case in which the agents were attempting to take advantage of the judgment "with prejudice" in their favor, then, of course, they could do so. Here, however, it is the principal who seeks in the same lawsuit to take advantage of that judgment. That judgment is one that resulted from the plaintiff's decision before the trial even began not to pursue his claims against the agents; it is not a judgment that resulted from an actual jury verdict determining the facts of what the agents did or did not actually do. I do not believe the principal has standing to take advantage of such a judgment. The principal is a separate defendant as to which all the elements necessary to hold it liable, including the commission of the underlying tortious conduct by its agents, were proven at trial. Logically, as to the principal, I do not see how the fact that the plaintiff, for whatever strategic or other reason, chose not to simultaneously pursue a judgment against the agents for their conduct undermines the competence of the evidence presented at that trial or the competence of the jury's determination, based on that evidence, as to what actually occurred. As to the principal, I see no meaningful distinction between this case and a case in which the plaintiff chooses from the outset never even to name a given agent as a defendant. See, e.g., Louisville & N.R.R. v. Maddox, 236 Ala. 594, 183 So. 849 (1938) (discussed in note 2 infra; affirming a judgment based on a verdict against a principal on a respondeat superior theory based on evidence implicating the actions of an agent not named as a defendant in the complaint).
The jury heard all the evidence regarding the acts committed by agents of H&S, and all the evidence as to whether those acts were committed within the line and scope of their agency. After hearing that evidence, the jury determined that all the factual elements necessary to hold H&S vicariously liable were proven. The fact that H&S's agents received a judgment in their favor on technical grounds does not rob the jury's verdict against H&S of its merit.

Revisiting Alfa v. Jackson

The circumstances presented here are much different than those of a case in which the plaintiff's claims against both the principal (on a respondeat superior theory) and the agent (on the underlying tortious conduct) actually are submitted to a jury and a jury then returns a verdict against the principal, but is silent as to the agent, thereby implicitly finding the agent not liable. Under such circumstances, there truly is an inconsistent verdict on the "merits," that is, on the facts of what the agent did or did not do. That is not the case here. The jury in this case was not asked to consider any claims against the agents. Likewise, the jury was not asked to consider any claims against the agent in Alfa v. Jackson, a decision upon which the main opinion relies, and a decision that I believe this Court should reconsider.
The Jackson Court based its decision on a Court of Civil Appeals' decision, Barlow v. Liberty National Life Insurance Co., 708 So.2d 168 (Ala.Civ.App.1997). That Court of Civil Appeals' opinion was, in turn, based upon this Court's earlier decision in Larry Terry Contractors, Inc. v. Bogle, 404 So.2d 613 (Ala.1981). In Bogle, the plaintiff sued both the principal and its agent. The case was tried and submitted to the jury as to both of those defendants:

*698 "Plaintiff Bogle brought suit against [among others, an employee of Larry Terry Contractors, Inc.]. A later amendment added defendant Larry Terry Contractors, Inc. The jury verdict was for plaintiff against defendant Larry Terry Contractors, Inc., but the jury did not return a verdict against the other defendants. Larry Terry Contractors, Inc. appealed."
404 So.2d at 613. Under those circumstances, this Court in Bogle correctly applied the following rule:
"`[W]hen the principal and his agent are sued in [a] joint action in tort for misfeasance or malfeasance of the servant, and his liability for the conduct of said servant is under the rule of respondeat superior, a verdict in favor of the servant entitles the master to have the verdict against him set aside.'"
Bogle, 404 So.2d at 614 (quoting Maddox, 236 Ala. at 600, 183 So. at 853 (emphasis added)).[2]
The Court in Bogle correctly considered the circumstances presented in that case as involving a verdict by the jury that, by its silence as to the agent, exonerated the agent  that is, a verdict that was tantamount to an affirmative finding that the agent did not commit the underlying tortious acts. Under that circumstance, the verdict against the principal logically must be called into question because it is inconsistent with the jury verdict in favor of the agent. As the Bogle Court held:
"The dispositive issue on appeal is whether the verdict can stand against defendant-employer, Larry Terry Contractors, Inc., when defendant-employee, Larry Bolden, was exonerated from personal liability. Appellant contends that the verdict is inconsistent under Alabama law, and after a careful review of the record, we agree."
Bogle, 404 So.2d at 614 (emphasis added).
In both Jackson and the present case, however, the plaintiff's claims against the agents were not pursued at trial and were never presented to the jury. Thus, the resulting silence of the verdicts as to the claims against the agents cannot provide the basis for concluding that the jury impliedly rendered verdicts in favor of the agents. It is true that, because the plaintiff in each case named an agent as a defendant in the complaint, but never obtained a formal dismissal of such claims, the resulting judgment is properly considered to be "with prejudice" against the plaintiff so that the plaintiff can never sue the agent on the same cause. Such a judgment, however, albeit "with prejudice" as between the plaintiff and the agent, is not the same as "a verdict in favor of the servant" on the factual merits, as was contemplated in Bogle and Maddox.
I also believe the Court's opinion in Jackson was misdirected in its use of the Court of Civil Appeals' opinion in Calhoun v. Pennsylvania National Mutual Casualty Insurance Co., 676 So.2d 1332, 1334 (Ala.Civ.App.1996). The Jackson decision quotes Calhoun for the proposition that "`"a dismissal of an action with prejudice *699 constitutes an adjudication on the merits and bars any subsequent litigation."'" 906 So.2d at 154. This statement, of course, is true as to the party against whom the action was brought; that party clearly may assert the dismissal as a prejudicial bar. Calhoun does not hold, however, that a third party has standing to benefit from that dismissal. The Jackson opinion wrongly conflates the above-quoted statement from Calhoun with the above-quoted rule from Bogle to reach its holding that a principal may take advantage of a plaintiff's voluntary decision not to pursue his claims against an agent and thereby shield itself from an otherwise proper jury verdict.
As Chief Justice Cobb states in her dissenting opinion, "[t]he fact that the agents in this action are properly protected from litigation does not require the invalidation of the jury's verdict against H&S." 978 So.2d at 696. Chief Justice Cobb goes on to point out two separate and distinct facts: (1) that "the jury in this case determined that H&S was liable as a result of its agents' misconduct," and (2) that the agents in this case are entitled to a judgment because the plaintiff chose not to pursue his claims against them. 978 So.2d at 696. These are indeed two separate facts; the latter does not change the former.

Distinguishing Alfa v. Jackson

Based on the foregoing, I believe Jackson was wrongly decided and that it does not provide a valid basis for the result reached by the main opinion in the present case. Even if Jackson is not to be overruled, however, that case may be distinguished from the present case.
Early on in Jackson, after the plaintiff made an oral motion to dismiss the claims against Alfa's agent, Rickey English,
"Alfa moved to amend its answer to add this defense:
"`The dismissal with prejudice of all claims against Rickey English acts as an adjudication of all claims against Alfa based upon respondeat superior and such claims are thereby barred.'
"The trial court denied Alfa leave to add that defense and allowed the claims against Alfa to proceed to trial.
"At the close of all the evidence, Alfa moved for a [judgment as a matter of law]."
906 So.2d at 148. One of the grounds upon which Alfa based its motion for a judgment as a matter of law was that the dismissal with prejudice of the claims against English required the dismissal of the claims against Alfa. Id. The trial court denied Alfa's motion for a judgment as a matter of law.
Like the plaintiff in Jackson, the plaintiff in the present case made it clear early on that he was not pursuing any claims against H&S's agents. As already noted, the trial court's pretrial order describes the only parties remaining before trial as being McDonald and H&S, and the subsequent jury-charge conference clearly reflected that McDonald had pursued no claims against H&S's agents. Importantly, however, unlike the defendant in Jackson, H&S did not argue in its motion for a judgment as a matter of law (or at any other time during the trial) that McDonald could not obtain a judgment against it after McDonald had decided not to pursue his claims against H&S's agents. H&S made that argument for the first time in its postjudgment motion, after the parties had invested considerable time and financial resources in actually trying the case on the theory that H&S was liable for the actions taken by its agents; after the jury was charged on that theory and the case was submitted to the jury as to H&S alone; and after the jury returned a verdict *700 that comported with the law on which it was charged. Given that McDonald had a right to pursue his claims against H&S for the actions of its agents, regardless of whether he also sued the agents individually, and in light of H&S's failure to raise in its motion for a judgment as a matter of law the defense that this Court created in Jackson, the trial court rightly could have concluded that H&S waived, or should be estopped from asserting, that defense.
NOTES
[1] As McDonald emphasizes, the trial court, in denying H&S's postjudgment motion, stated: "The plaintiff dismissed both [agents] prior to trial without objection. The dismissal was, in substance, one without prejudice." However, the record simply does not support the trial court's statement.
[2] In Maddox, the jury returned an actual verdict in favor of an agent of the principal, but against the principal itself. It was in that context that the Court in Maddox articulated the rule quoted in the text, upon which the Court in Bogle relied. 236 Ala. at 600, 183 So. at 854. Nonetheless, the Court in Maddox proceeded to uphold the judgment against the principal in that case because, although the agent who had been sued received a favorable verdict from the jury, the evidence introduced at trial implicated a different agent of the principal, one who had not been named as a defendant in the complaint. It was based upon the acts of this other, nonparty agent that, this Court reasoned, the jury could have found the principal to be vicariously liable.